## RICHARD HARDIN v. THE STATE.

### No. 3593.   Decided June 5, 1907.

**1.—Manslaughter—Bill of Exceptions—Evidence.**

Where upon appeal from a conviction of manslaughter, the bill of exceptions to the admission of evidence—that witness had found a pocket knife about a week after the homicide near the scene of the killing and stating the condition of said knife,—was not prepared according to the rules governing bills of exception, the same could not be considered. However, there was no error in admitting the evidence.

**2.—Same—Expert Witness—Hypothetical Question—Deadly Weapon.**

Upon trial for murder, a physician, having first qualified himself as to his professional standing, could say in answer to a hypothetical question, that a pocket knife of certain length and size having inflicted a certain wound would be a deadly weapon.

**3.—Same—Evidence—Imputing Crime to Another.**

Upon trial for murder where defendant's brother had testified that he killed deceased, it was error to preclude the testimony of the wife of said witness indicating that her husband did the killing. Qualifying: Brock v. State, 44 Texas Crim. Rep., 335.

**4.—Same—Evidence—Cross-Examination—Witness.**

Upon trial for murder, where a witness for the defense had sworn that he killed deceased, it was permissible for the State on cross-examination to show what was the belief of the witness as to his criminality, and the probability of his being punished.

**5.—Same—Evidence—Fabrication of Testimony—Privileged Communication.**

Where upon trial for murder, the brother of defendant testified that he had killed deceased instead of defendant, the State had the right on cross-examination to show that the defense offered by said witness was a fabrication; neither did defendant have the right to controvert the State's testimony by proposing to prove what said witness told his attorney.

**6.—Same—Charge of Court—Express Malice—Weapon—Intent.**

Upon trial for murder, where the evidence showed that a pocket knife was the instrument used in the homicide, the court correctly charged the statutes with reference to the means used in judging the intent of the defendant. Nor was

there reversible error in the court's charge on express malice; the defendant having been convicted of manslaughter.

### 7.—Same—Charge of Court—Intent to Kill—Means Used.

Upon trial for murder, where the evidence showed that a pocket knife was used in the killing, and there was evidence that the same was a deadly weapon in the manner in which it was used, there was no error in the court's charge that if the jury did not believe that from the manner in which said knife was used, the intention on the part of the defendant to kill evidently appeared, to acquit the defendant of any grade of culpable homicide, and to consider whether defendant was guilty of aggravated assault.

### 8.—Same—Homicide—Aggravated Assault—Simple Assault.

Where upon trial for murder, the evidence showed that the killing was done with a pocket knife, and the court charged on the law of aggravated assault, there was nothing in the objection that such charge was not appropriate in a homicide case. Nor was there any error in the court not charging on the law of simple assault.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The testimony for the State showed that the deceased and another got into an altercation, and that while deceased was being held, the defendant stepped up and cut him with a pocket knife; that the pocket knife had a blade about two and one-half inches long; that this occurred at night at a barber shop where a number of people had collected; that deceased died from the effect of the wounds. The killing occurred very suddenly and the whole difficulty lasted but a few moments; that there was music and dancing going on on the gallery of the barber shop and the difficulty arose suddenly; that both defendant and his brother were at the place of the difficulty.

The brother of the defendant took the stand and testified that a number of colored people had gathered around the barber shop in the town of Itasca; that some one was playing the guitar and others were dancing on the gallery of the shop; that deceased and another, not the defendant, got into a fight; that after they separated, deceased started towards the witness and knocked witness down; that when witness arose deceased made at him again and witness cut him with a knife, killing him; that defendant was there but did not participate in the difficulty. This with the testimony stated in the opinion is a sufficient statement of the case.

*L. C. Hill* and *C. F. Greenwood,* for appellant.—On question of introduction of testimony about finding the pocket knife near the scene of the homicide, etc.; Taylor v. State, 51 S. W. Rep., 1107; Grant v. State, 58 S. W. Rep., 1025; Conde v. State, 33 Texas Crim. Rep., 98. On question of testimony of the wife of the brother of defendant: Dill v. State, 1 Texas Crim. App., 279; Morrill v. State, 5 Texas Crim. App., 447; Daffin v. State, 11 Texas Crim. App., 76; Alonzo v. State, 15 Texas Crim. App., 379; Cook v. State, 22 Texas Crim. App., 511;

Bluman v. State, 33 Texas Crim. Rep., 45; Dugan v. State, 39 Texas Crim. Rep., 117; Greenleaf on Evidence, sec. 342; Parsons v. People, 21 Mich., 509; Moffit v. State, 36 Am. Dec., 301. On question of admitting testimony of defendant's brother as to whether he believed he could be punished, etc.: Cecil v. State, 44 Texas Crim. Rep., 450; Patrick v. State, 45 Texas Crim. Rep., 587. On question of excluding testimony on grounds of privileged communications between attorney and client: Walker v. State, 19 Texas Crim. App., 177; Brock v. State, 44 Texas Crim. Rep., 335; 14 Am. & Eng. Ency. of Law, 133. On question of charge on aggravated assault. Guffee v. State, 8 Texas Crim. App., 187; Dubose v. State, 10 Texas Crim. App., 230; Jones v. State, 13 Texas Crim. App., 1. On question of simple assault: Lucas v. State, 14 Texas Ct. Rep., 776.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of three years.

The State placed the witness Cleavis Wheeler on the stand, over appellant's objection, and proved by him that about a week after the killing of deceased he found a pocket knife by the side of the road between the bridge and Burgess's, and that he picked it up, and found it was rusty, and that he carried the knife up to Mrs. Dunn's house, and when he got there found what he took to be blood on same. Appellant objects to this testimony on the ground that it was hearsay, and that appellant was not responsible for the loss or finding of the knife, and it was not shown that he ever had possession of it at any time. The court approved the bill with this statement: "The testimony of each and all the witnesses being fully and correctly shown in the statement of facts, which is here referred to." This bill is not prepared in line with any decision of this court, and we find nearly, if not all, of the bills in this record in the same shape. We are not required, under the rules of this court, to read a whole statement of facts in order to ascertain whether appellant has a bill. Appellant has practically copied the statement of facts in his bills; much of that copied has no pertinency or relevancy to the points raised. However, there was no error in the ruling of the court. A bill of exceptions should explicitly state the point and explain the ruling of the court, and not be a dull, rehearsal of the evidence.

Bill of exceptions No. 2 complains that the State placed the witness Dr. Gilbert on the stand, and after proving that he was a physician and surgeon, and a graduate of a regular school of medicine, and had experience and knowledge of knife wounds, and was acquainted with the human anatomy, the State asked whether or not a pocket knife with a blade two or two and one-half inches long in the hands of a person weighing from one hundred and forty to one hundred and fifty

pounds, and used to cut and stab in a difficulty stuck in the breast an inch and one-half from the center of the breast bone in the chest, would be such an instrument as would ordinarily inflict death or serious bodily injury. The reply of the witness was, "I should think so." Appellant objects to the question on the ground that it was not based upon facts in this case, and not based upon all the facts; that the question itself is illegal and incompetent, and there is no evidence at all as to the force with which the lick was struck; that there is no evidence as to whether the instrument used upon that occasion was a sharp instrument or not. The question was a hypothetical question, and was entirely competent. Certainly a doctor can say whether an instrument of certain length and size, that has inflicted a certain wound, would be a deadly weapon. This proof was in consonance with many suggestions made by this court where a knife was the instrument used in the homicide. Waite v. State, 13 Texas Crim. App., 169.

Bill of exceptions No. 3 complains that the court excluded the testimony of the wife of Walter Hardin, brother of appellant. The bill states, among other things, that Walter Hardin testified in substance that he killed deceased; then appellant sought to prove by his (Walter's) wife facts indicating that Walter Hardin had done the killing. The court sustained exceptions to this. Appellant states in his brief that the State relied for the ruling herein complained of upon the case of Brock v. State, 44 Texas Crim. Rep., 335. The writer thinks that the State properly relied upon said decision, although he did not agree to said decision; however, the majority of the court thinks that the following authorities show that the court was in error in its holding: Dill v. State, 1 Texas Crim. App., 279; Morrill v. State, 5 Texas Crim. App., 447; Daffin v. State, 11 Texas Crim. App., 76; Alonzo v. State, 15 Texas Crim. App., 379; Cook v. State, 22 Texas Crim. App., 511; Bluman v. State, 33 Texas Crim. Rep., 45, and Dugan v. State, 39 Texas Crim. Rep., 117. The writer hereof agrees to the latter decisions as laying down a better rule. It is true that Walter Hardin could have been prosecuted for this offense, but that fact would not preclude the testimony of his wife swearing in his brother's case that Walter Hardin did the killing, or swearing to facts indicating that he did the killing. It, therefore follows that the court erred in not admitting the testimony of the wife.

Bill of exceptions No. 4 complains that the State, on cross-examination of Walter Hardin, who testified that he killed deceased, was permitted to ask the witness the following question, "Do you tell the jury that you believe now that by testifying to it yourself do you think you could be prosecuted and convicted for it?" to which the witness answered that he didn't know whether he could be or not. This was legitimate cross-examination of the witness, since it clearly was permissible for the State to show what was the belief of the witness as to his criminality, and as to the probability of his being punished. Certainly if the witness did not believe he could be prosecuted, although

he swore himself that he killed deceased, it would be permissible for the State to prove it.

Bill of exceptions No. 5 complains also of the cross-examination by the State of the witness Walter Hardin. The substance of said cross-examination went to discredit the witness, and to show that the witness had fabricated a defense for his brother to the effect that he, the witness, killed the deceased and not his brother. It is unnecessary here to state in detail the questions asked, but suffice it to say, they were all germane and proper, since they tended strongly to prove that the defense offered by said witness of his brother was a fabrication, and the evidence in this record clearly demonstrates that it was such. Furthermore, appellant controverted this testimony as disclosed by said bill, and proposed to prove privileged communication between attorney and client. The State objected to this, and the court sustained the objection. This clearly was inadmissible. Certainly, what the witness told his attorney, under no rule of this court, could be proved in the trial of any case.

There was no error in the court in charging on express malice, and murder in the first degree. If so, it passed out by reason of the verdict in this case. Nor was there any error in the court telling the jury the instrument or means by which the homicide is committed is to be taken into consideration in judging the intent of the party offending. Where there is an issue as to the deadly character of the weapon, as was made in this case, it is permissible for the court to give said statute. The court furthermore told the jury that if there was no intent from the means used to kill, then they should decide in favor of appellant as to any grade of felonious homicide.

Appellant further objects to the following charge: "From the manner in which the knife was used, if used at all, the intention on the part of the defendant to kill did not evidently appear, they must acquit the defendant." Paragraph 20 of the charge of the court reads as follows: "You are charged that if you believe from the evidence beyond a reasonable doubt that the defendant stabbed the deceased with a knife, still unless you further believe from the evidence beyond a reasonable doubt that from the manner in which the knife was used, if used at all, the intention on the part of the defendant to kill evidently appears you cannot convict the defendant of any grade of homicide. In this connection you are charged that if you should believe from the evidence beyond a reasonable doubt that the defendant unlawfully stabbed the deceased with a knife, if you do not further believe from the evidence beyond a reasonable doubt that from the manner in which said knife was used the intention on the part of the defendant to kill evidently appears you will acquit the defendant of any grade of culpable homicide, and next consider as to whether he is guilty of an aggravated assault and battery." Then the court charges upon an aggravated assault and battery. Clearly this charge was as favorable as any evidence in this case would warrant.

Appellant further complains that the court committed a fatal error in paragraph 21 of the charge in defining an assault and battery, which was done in the usual statutory mode and method. The objection to same is that it is not an appropriate instruction in a homicide case, and was never intended by the Legislature to be given in any case except where the indictment charges an aggravated or simple assault. We know of no authority to support this proposition. Various objections are urged to the charge on aggravated assault, but none of them are well taken. The charge is an admirable presentation of all the law of this case, charging as it does upon murder in the first and second degrees, manslaughter, aggravated assault and alibi. Nor was there any error in the court not charging on the law of simple assault.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*