## LEVI TOLSTON v. THE STATE.

### No. 6001. Decided December 8, 1920.

1—Murder—Sufficiency of Evidence—Identity of Defendant.

Where, upon trial of murder, the evidence is conflicting, but enough appears to support the jury's conclusion that defendant was the person who threw the bottle which apparently caused the death of the deceased, there was no error on that phase of the case.

2.—Same—Evidence—Intent to Kill—Opinion of Witness—Expert Witness.

Where, upon trial of murder, the State introduced expert witnesses to give their opinion as physicians, whether an empty quart bottle thrown thirty feet and striking a man square on top of the head would likely produce death, this was a matter of pure conjecture and not an opinion founded on facts or knowledge acquired by reason of the profession of the witness, and the same was reversible error. Following Dowell v. State, 58 Texas Crim. Rep., 482, and other cases.

3.—Same—Intent to Kill—Requested Charge—Deadly Weapon.

Where, upon trial of murder the evidence showed that the defendant threw an empty quart bottle some thirty feet, striking the deceased on the head, from which death ensued, the court should have submitted the question that the bottle alleged to have been used was not in itself a deadly weapon, etc., as requested; besides, the court should have defined what constitutes a deadly weapon; following Howard v. State, 18 Texas Crim. App., 348.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson*, for appellant.—On question of deadly weapon: Moore v. State, 15 Texas Crim. App., 1; Hackett v. State, 13 id., 406; Doans v. State, 8 id., 112.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of expert testimony; Duke v. State, 61 Texas Crim. Rep., 441; Swanner v. State, 58 S. W. Rep., 72.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Polk county of murder and his punishment fixed at twenty-five years confinement in the penitentiary.

He was charged with killing an Indian named Batise by throwing a bottle at him. The main defense was an alibi, but appellant insisted throughout that the evidence was insufficient to show an intent to kill. The evidence is conflicting, but enough appears to support the jury's

conclusion that appellant was the person who threw the bottle apparently causing the death of the deceased.

The real issue in the case is whether or not the evidence is sufficient to show appellant's intent to kill when he threw the bottle, if he did so, and whether errors were committed in matters affecting the question of intent. Over objection by appellant two physicians were permitted to testify for the State and answer affirmatively the following question:

"Doctor, judging from your experience would you say, in your opinion, that a man weighing about 175 or 180, about 29 years of age, size of the defendant—I think the defendant looks to be five ten or eleven or six feet, standing about a distance of thirty feet away, on an elevation of about five feet, throwing a bottle, a quart bottle— him holding it by the neck— throwing a round quart bottle that distance, and striking another man in the top of the head, who at that time was in a stooping position, wearing a hat, with hair on his head, felt hat, striking him square on the top of the head with that bottle, in your opinion would you say that would likely produce death?"

We think this error, and that the question was one which a physician could not answer as an expert. Whether an empty quart bottle thrown thirty feet and striking a man square on top of the head would likely produce death, seems to us a matter of pure conjecture and not an opinion founded on fact or knowledge acquired by reason of the profession of the witness. The character of wound inflicted was not included in the hypothetical question asked. We have held that a physician may state as to the probable cause, nature and effect of wounds, and the consequences thereof. Branch's Ann. P. C., Sec. 1853. But in a matter in which the jury are as competent to judge as the witness, we have held it error to permit the witness to give his opinion. Branch's Ann. P. C., Sec. 131. Also that no opinion should be allowed that appears to be only a conjecture. Warren v. State, 9 Texas Crim. App. 629; Dowell v. State, 58 Texas Crim. Rep. 482; Hardin v. State, 40 Texas Crim. Rep., 219; Clay v. State, 41 Texas Crim. Rep., 656. Appellant asked of his witness, Dr. Pullen, if a bottle of the kind in evidence thrown thirty feet and hitting a man, would under ordinary circumstances be likely to kill him. Upon objection by the State that this would be a conclusion of the witness and not expert testimony, the evidence was rejected. We are unable to see any great difference between this question, which was held incompetent, and that asked by the States, objection to which was overruled and the other two physicians permitted to answer.

Further bearing on this intent, appellant asked a special charge in which he sought to have the jury told that the bottle alleged to have been used was not in itself an instrument likely to produce death. This charge was refused, partially because given in the main charge.

We have examined the main charge but find nowhere the statement that said bottle was not *per se* a deadly weapon, or one not likely to cause death. No witness testified that appellant did more to deceased than throw said bottle at him. The officer who arrested appellant said he had worked up cases in which men had been hit on the head with bottles, and knew of cases where bottles had been thrown and men struck on the head, but that he knew of none where they were killed by such means. The most positive statement from any of the physicians, was that from a thrown bottle which struck a man square on top of the head, death might possibly result. While the language of the special charge referred to may have been inapt, still we believe it sufficiently called the court's attention to the fact that he should have charged that a bottle thrown was not a deadly weapon *per se*. We further observe that in applying the law to the facts the trial court used the expression "deadly weapon" in both the murder and manslaughter paragraphs of his charge, and yet nowhere in the charge was there a definition of what constituted a deadly weapon. We have held that when the weapon used may or may not be deadly in character, it becomes the duty of the trial court to define what is a deadly weapon. Howard v. State, 18 Texas Crim. App., 348; Lawson v. State, 32 S. W. Rep., 895; and that unless the deadly character of the weapon is shown beyond question the failure to so define same is reversible error. Kosmoroski v. State, 59 Texas Crim. Rep., 296; Wheeler v. State, 6 Texas Crim. App., 550. We do not think an empty quart bottle thrown thirty feet is *per se* a deadly weapon, and the charge should have so stated in plain words. This is a most unusual case. Many contradictions appear in the record. No ill-will, difficulty or quarrel seems to have been shown as being between appellant and deceased, who were strangers so far as the record reveals. The most that could be claimed was that appellant, a negro, objected to the Indian coming to the negro dance hall. We will forego a discussion of the facts in view of the necessity of another trial.

A reversal of the judgment is ordered.

*Reversed and remanded.*