FRANK SVIDLOW v. THE STATE.

No. 6517.   Decided December 7, 1921.

Rehearing denied January 11, 1922.

1.—Aggravated Assault—Deadly Weapon—Non-Experts.

Upon trial of aggravated assault, where the information alleged the of-
fense in two counts, one asserting serious bodily injury and the other the use
of a deadly weapon, and both counts were submitted and a general verdict
rendered, a complaint that the physician who attended the alleged injured
party was permitted over objections of defendant to state that a piece of
iron pipe, etc., is a deadly weapon, was not reversible error.  Besides,  the
verdict being general, might well be referred to the other count in the in-
formation, which the evidence amply supported.

2.—Same—Deadly Weapon—Physicians—Instrument Used—Rule Stated.

A doctor can say whether an instrument of a certain length and size
that had inflicted a certain wound would be a deadly weapon; following Har-
din v. State, 51 Texas Crim. Rep., 561; distinguishing Tolston v. State, 88
Texas Crim. Rep., 269; besides, the verdict being general may have been
based on the inflicting of serious bodily injury as alleged in the second count
and supported by the evidence.

Appeal from the County Court of Wichita.  Tried below before the
Honorable Guy Rogers.

Appeal from a conviction of aggravated assault; penalty, a fine of
$100.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—On question of deadly weapon:
Danforth v. State, 69 S. W. Rep., 159; Tolston v. State, 225 id., 1098,
and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County
Court ·of Wichita County of aggravated assault, and his punishment
fixed at a fine of $100.

The information charged the offense in two counts, one asserting se-
rious bodily injury, and the other the use of a deadly weapon.  Both
counts were submitted by the court to the jury and a general verdict
of guilty was rendered.  There appears no exception to the charge, no
special charges asked, and but one bill of exceptions which complains
that the physician who attended the alleged injured party and sewed
up his wound, while testifying, was shown the piece of iron pipe with
which the injury was inflicted, and was permitted over objection to
state that a piece of iron pipe three quarters of an inch in diameter
and eighteen inches long, held in the hand and used as a weapon to

strike, is a deadly weapon. In Waite's case, 13 Texas Crim. App., 169, two doctors had examined the wounds upon the injured party testified and were shown the piece of piping with which the wounds were inflicted, and were asked to state, and over objection did state, that said instrument used as a bludgeon in the hands of a person of ordinary strength would produce such wounds and be likely to cause death. This was upheld by our court. We are unable to perceive any difference in the principle there involved and that in the issue before us. In any event the testimony could have resulted in no harm, for the verdict, being general, might well be referred to the other count in the information. The alleged victim testified that appellant struck him a blow over the eye with a piece of iron pipe exhibited, and that it knocked him down and made a cut that required several stitches, and from the effects of which he testified that he was still suffering headaches at the time of the trial. A physician testified that there would be no headaches resultant from a blow of this kind without concussion, by which he said he meant a jarring of the cells which might clear up in a few days, weeks or months. Whether this was serious bodily injury was a question of fact to be solved by the jury. Any injury which gives rise to apprehension of danger to health would be deemed a serious bodily injury. Branch's Ann. P. C., Sec. 1583.

This being the only question raised, and believing the evidence justified the jury in resolving the question of guilt on the facts against the accused, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

January 11, 1922.

LATTIMORE, JUDGE.—In Hardin v. State, 51 Texas Crim. Rep., 562, we said: "A doctor can say whether an instrument of a certain length and size that had inflicted a certain wound, would be a deadly weapon." The Tolston case, 88 Texas Crim. Rep., 269, 225 S. W. Rep., 1098, is not in point. The question there held objectionable, involved numerous matters of pure conjecture upon which it seemed impossible that an expert could have any knowledge, which do not here appear. The verdict in the instant case may have been based on the infliction of serious bodily injury, and there being evidence of injury from the effects of which the injured party had not recovered at the time of trial, we would not feel justified in holding the judgment so wholly without support as to warrant a reversal.

The motion for rehearing will be overruled.

*Overruled.*