### Levi Tolston v. The State.

#### No. 6962. Decided November 29, 1922.

#### Rehearing Denied February 21, 1923.

**1.—Murder—Instrument Used—Opinion of Witness.**

Where a practicing physician was asked by the State the question whether or not in his opinion the wound which he found on deceased's head and which he had described could have been made by an empty quart whisky bottle being thrown a distance of ten steps, or 30 feet, etc., the defendant should have beeen allowed to prove by the same witness that the wound described by the physician could not have been made by the use of the weapon in the manner stated, and a refusal to permit him to do so is reversible error. The distinguishing factor is, that on this appeal the nature of the wound is embraced in the inquiry, while in the former appeal it is omitted.

**2.—Same—Rehearing—Former Opinion.**

In the present opinion this court undertook to point out the distinction between the question propounded upon the instant trial and in the former, and the motion for a rehearing is overruled.

Appeal from the District of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of murder; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson* and *Cade Bathea,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for murder; pun-- ishment fixed at confinement in the penitentiary for a period of forty years.

The facts are not materially variant from those stated in the opinion of this court on the former appeal. (See 88 Texas Crim. Rep., 269.)

Doctor Pullen, a physician and surgeon of twenty years practice; a graduate and post graduate of two reputable medical institutions; testified that he visited the deceased soon after he received the blow which afterwards proved fatal; that he shaved his head, cut a piece out of the scalp like a horseshoe, laid it back, and then tried, without success, to raise the skull. There was a depression in the skull from a fracture on the top of the head and about the center. The skull was crushed in. It seems that there were two fractures. He said: "I took the scalp off on both sides, and then it was kind of broken around—just busted—the skull was busted. : . . His head was skinned up. . . . He had tolerably thick head of hair. He had coarse hair, and it was rather long" He also stated that he was acquainted with the nature of an ordinary quart whisky bottle. He was asked whether or not, in his opinion, the wound which he found upon the Indian's head and which he had described could have been made by an empty quart whisky bottle being thrown a distance of ten steps or thirty feet.

It was the theory of the State that the wound was inflicted by the use of such a bottle as that described in question. Appellant expected to prove by the same witness that the wound which the witness saw upon the head of the deceased and which he described in his testimony could not have been made by the use of the weapon in the manner stated. This testimony was excluded upon the objection of the State's counsel upon the ground that it called for an opinion which was not within the scope of expert testimony. We regard the ruling as erroneous.

On the former appeal, this court, in holding that the expert evidence received on behalf of the State was not admissible, used the following language:

"We think this error, and that the question was one which a physician could not answer as an expert. Whether an empty quart bottle thrown thirty feet and striking a man square on top of the head would likely produce death, seems to us a matter of pure conjecture and not an opinion founded upon fact or knowledge acquired by reason of the profession of the witness. *The character of the wound inflicted was not included in the hypothetical question asked. We have held*

*that a physician may state as to the praobable cause, nature and effect of wounds, and the consequences thereof. Branch's Ann. P. C., Sec. 1853.* But in a matter which the jury are as competent to judge as the witness, we have held it error to permit the witness to give his opinion. Branch's Ann. P. C., Sec. 131."

Mr. Wharton, in his work on Criminal Evidence, Vol. 1, p. 839, says: "And a surgeon is admissible to prove the nature of a wound and its probable cause and effects."

In the case of Waite v. State, 13 Texas Crim. App., 180, it was the theory of the State that the injury upon the deceased was inflicted by a certain piece of iron piping, which was described in the testimony. The State's counsel propounded to the medical man this question: "Would such an instrument in the hands of a man of ordinary strength, used as a bludgeon, produce the wounds you have described and be likely to cause death?"

Objection was urged by the defendant upon the ground that the point was one upon which the opinion of an expert was not competent. The evidence is held admissible. The action of the trial court in over-ruling this objection was sustained on appeal in the case in which the death penalty was assessed and affirmed under the authorities cited. See State v. Murphy, 32 Iowa, 270; State v. Porter, 34 Iowa, 131; Page v. State, 61 Ala., 16; Rash v. State, 61 Ala., 90; Ebos v. State, 34 Ark., 520; Shelton v. State, 34 Texas Rep., 662. A like ruling was made in Banks v. State, 13 Texas Crim. App., 182; Powell v. State, 13 Texas Crim. App., 244; Lovelady v. State, 14 Texas Crim. App., 560; Kirk v. State, 37 S. W. Rep., 440; Hardin v. State, 51 Texas Crim. Rep., 562; Betts v. State, 60 Texas Crim. Rep., 634; Streight v. State, 62 Texas Crim. Rep., 453; Spates v. State, 62 Texas Crim. Rep., 532, and other cases listed by Mr. Branch in his Tex. Ann. Penal Code, Sec. 1853. The distinguishing factor is that on this appeal the nature of the wound is embraced in the inquiry while in the former appeal it is omitted.

The admissibility of the testimony proffered in the instant case, we think, is also sustained by the opinion of this court on the former appeal.

Appellant insists that considering the character of the weapon, the absence of proof of motive, and the questionable character of the evidence to the effect that the injury was inflicted by appellant, the verdict of murder should not be allowed to stand. Without giving sanction to this view, this court is of the opinion that considering the entire record, the error in excluding the testimony mentioned was one that requires a reversal of the judgment. It is so ordered.

*Reversed and remanded.*

## ON REHEARING.

### February 21, 1923.

HAWKINS, Judge.—The State files a motion for rehearing citing as the only authority our opinion in this case on a former appeal which is reported in 88 Texas Crim. Rep., 269, 225 S. W. Rep., 1098. In the present opinion we undertook to point out the distinction between the question propounded upon the instant trial and in the former.

The motion is overruled.

*Overruled.*