## CALVIN BOLES V. THE STATE.

No. 11110. Delivered November 9, 1927.

**Manslaughter—Evidence—Opinion of Witness—Erroneously Admitted.**

Where, on a trial for manslaughter, the defensive theory being self-defense, it was error to permit a physician who did not witness the shooting to testify that in his opinion the deceased was down, and appellant standing up when the shots were fired. Neither a non-expert nor an expert witness may thus be permitted to give an opinion upon a question of fact, the very issue that the jury are to determine and which they are as well qualified to decide as the witness. See Steagald v. State, 24 Tex. Crim. App. 207, and other cases cited.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for manslaughter, penalty three years in the penitentiary.

This is the second appeal of this case. The former appeal is reported in 102 Tex. Crim. Rep. 634.

*Geo. S. King* of Houston, *Seale & Denman* of Nacogdoches, *Sanders & Sanders* of Center, and *Davis & Davis,* for appellant. On improper admission of opinion of witness, appellant cites: Steagald v. State, 24 Tex. Crim. App. 207, Williams v. State, 30 Tex. Crim. App. 447, Banard v. State, 17 S. W. 1071, Cavaness v. State, 45 Tex. Crim. Rep. 209, and Pearson v. State, 56 Tex. Crim Rep. 611.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE. — Calvin Boles was convicted of manslaughter; punishment, three years in the penitentiary. A former appeal of this case is reported in 102 Tex. Crim. Rep. 634.

Under a plea of not guilty the appellant introduced evidence tending to show that the killing was in self-defense and in defense of others, especially his brother, who, it appears from the evidence, was engaged in an altercation with the deceased at the time appellant fired the shots that killed deceased. Appellant's version of the affair is in substance that during a conversation relating to the criminal intimacy of deceased with appellant's wife, an altercation ensued between deceased and his brother, during which his own life and that of his brother and others present became endangered and that he shot in his and their protection, as well also because of a former insult to his

wife by deceased. According to his version the parties were all standing when the shots were fired.

Dr. Warren was placed upon the stand by the state, who, after testifying that he made an examination of the deceased, Cook, a few minutes after his death, was asked: "In your opinion as a physician I want you to state to the jury what position Mr. Cook was in when the wounds you found were inflicted; take the wound in his left leg, what was the position of the deceased at the time he received that?" This was objected to because it was an opinion and conclusion of the witness on a matter which was not the subject of expert testimony, the position of the deceased being a matter for the jury to draw its own conclusion from the facts, and because the question and answer of the witness thereto would be equivalent to an opinion upon the guilt or innocence of the defendant, he having pleaded self-defense. Over these objections the witness was permitted to testify: That would be a matter of the position of the fellow that did the shooting. It could be that the man was down, or the fellow that did the shooting might have been down. One would think that he (deceased) was down, of course," and to a further question, "What position was the deceased in when he received the wound in the abdomen," the witness over the same objections answered, "In the same position." The witness, Dr. Warren, was not present at the homicide and knew nothing personally of the facts pertaining to same.

Defendant's plea of not guilty and his evidence required the submission to the jury of the issue of self-defense, and this issue, it appears, was submitted to the jury by the court in his charge. His guilt or innocence depended upon the solution of this issue by the jury from all the facts in evidence. This controlling issue cannot be made to depend upon the opinion of a witness nor submitted for solution to the general opinion of witnesses. Such would be the effect of permitting this witness, not present at the homicide, to state his opinion as to the relative position of the parties at the time of the shooting, when same is in dispute, thus in effect permitting the witness to testify that defendant did not shoot in his own necessary self-defense, but instead shot as contended by the state. Neither a non-expert nor an expert witness may thus be permitted to give an opinion upon the very issue the jury are impanelled to try and about which the jurors are as well qualified to speak as the witness. Appellant's position on this point is fortified by an unbroken line of authorities in this state, extending practically throughout its judicial history, some of which are the following: Stea-

gald v. State, 24 Tex. Crim. App. 207; Williams v. State, 30 Tex. Crim. Rep. 447; Barnard v. State, 45 Tex. Crim. Rep. 67; Cavaness v. State, 45 Tex. Crim. Rep. 209; Pearson v. State, 56 Tex. Crim. Rep. 607; Thompson v. State, 30 Tex. Crim. Rep. 325; Funderburk v. State, 64 S. W. 1059; Blain v. State, 33 Tex. Crim. Rep. 236; Cooper v. State, 23 Tex. 331; Coyle v. State, 31 Tex. Crim. Rep. 607; Bennett v. State, 95 Tex. Crim. Rep 70.

Alleged error in failing to lay a proper predicate for the introduction of certain testimony and refusing to grant a new trial to procure certain testimony are such matters as are not likely to again occur. Some exceptions were taken to the court's charge, but we are assuming that the court will correctly charge the jury on another trial and forego discussion of these.

For the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.