Coy Maroney v. The State.

No. 13375. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 772.

The opinion states the case.

*Lockhart, Garrard & Brown,* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

Bill Bremer, the injured party, testified in substance as follows: S. E. Maroney, the father of appellant, ran a mill where he ground corn. Mr. Bremer went to the mill for the purpose of having some corn ground. Accompanying him were his wife and E. G. Young. They left the corn and later returned for the meal. Appellant's father approached the car, saying to Mr. Bremer that he wanted to see him. Bremer got out of his car and entered the house with appellant's father. There he was advised by appellant's father that he wanted him to pay him the amount that was due him for groceries bought by his wife. Mr. Bremer replied that he would pay him when he (appellant's father) gave him the papers on some registered

pigs he had bought from him.    One word brought on another.    Appellant's father said : "Damn you Bill, you are going to pay me right now."    He drew back his fist and hit Bremer in the face.    Whereupon Bremer knocked him down and he rolled against a barrel. While Bremer was stooping over to pick up his meal, appellant approached with a knife.    He stabbed Bremer in the leg below the right hip, inflicting a wound about seven inches deep and two and one-half inches long.  He left the knife sticking in Bremer's leg, but it fell from the wound to the floor and dropped outside of the door to the ground.  Appellant ran into his living quarters, which adjoined the store and returned with a shotgun.  As Bremer reached down to pick up the knife, he (Bremer) fell with the knife in his right hand. Getting to his feet, he ran down the road.    Appellant threw the shotgun in position and fired at him, the shot going over his head. He continued to pursue Bremer.    Bremer finally escaped.

The testimony of the injured party was corroborated by Mrs. Bremer and Young.

Appellant testified in substance as follows : Appellant heard Bremer call his father a s— of b—, and ran to the scene of the difficulty in order to determine the cause of the disturbance.    He found the injured party's companion, Young, with a piece of pipe in his hand standing on the ground outside of the building.    Appellant's father was lying on the floor, apparently dead, with Bremer standing over him.    As appellant approached the parties Bremer struck at him with a knife, but missed him.    Bremer's foot slipped and he fell on his back to the ground outside the door.    He immediately arose and pursued appellant with knife in hand.    Believing his life in danger, appellant secured a shotgun.    Appellant's mother told Bremer to stop but he continued to advance, with knife in his hand.    Appellant shot at Bremer because he believed that he and his mother were in danger at the hands of the injured party.    He shot to stop Bremer, with no intention of killing him.    Appellant did not attack Bremer with a knife, as he had nothing but a small pen knife on the end of a watch chain at the time of the difficulty.

Appellant's version of the transaction was corroborated by the testimony of his mother and others.

The state placed a physician on the stand and elicited from him that he had examined the knife wound inflicted upon the injured party.    He described the wound.    Whereupon the district attorney propounded to the witness the following question : "In your opinion,

of the experience you have had in examining knife wounds, could such a wound have been inflicted by a person falling on a knife?" Appellant objected to the question on the ground that the matter inquired about was not the subject of expert proof, was a question of fact for the jury to pass upon, and that the witness was not qualified to testify touching the matter. The objection was overruled and the witness answered in the negative. Appellant denied that he stabbed Bremer. He testified that he fell from the door to the ground with a knife in his hand. Bremer denied that he fell on the knife. It is thus seen that it was appellant's theory that the wound was caused by the injured party falling on his own knife. It was further appellant's version that he did not attack the injured party until he had been attacked and that, believing he and his family were in danger at the hands of the injured party, he secured a shotgun and fired at him, with no intention of killing him. The court submitted a charge covering the law of self defense. The opinion of the doctor affected a vital issue. Although not present, he was permitted, in effect, to testify as to the relative positions of the parties at the time of the difficulty. Appellant's guilt or innocence depended upon the solution of the issue of self defense. The solution of this issue against appellant was aided by the opinion of the physician. It is the general rule that neither a non-expert nor an expert witness may thus be permitted to give an opinion upon the very issue the jury are impaneled to try, and about which the jurors are as well qualified to speak as the witness. Davis v. State, 24 S. W. (2d) 417; Boles v. State, 108 Tex. Cr. R. 204, 299 S. W. 407; Bennett v. State, 252 S. W. 791; Pearson v. State, 120 S. W. 1004.

Appellant timely and properly excepted to the charge of the court on the ground that it unduly restricted the right to defend himself and family, it being pointed out that the charge should have accorded him the right to defend himself and family against an ordinary attack as well as one which would produce fear of death or serious bodily injury. We believe the evidence raises the issue of a defense against an ordinary assault. In his Annotated Penal Code, Section 1673, Mr. Branch states the rule as follows:

"A person has a right to defend against an ordinary attack as well as against one which would produce fear of death or serious bodily injury, and if there is evidence that the accused was defending himself or another against an ordinary assault it is error

to restrict his right of self defense to the right to defend against an attack producing a fear of death or serious bodily injury."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.