CHARLIE LANGFORD V. THE STATE.

No. 16251.   Delivered October 18, 1933.
Reported in 63 S. W. (2d) 1027.

The opinion states the case.

*Homer C. DeWolfe,* of Goldthwaite, and *G. A. Walters,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder, and his punishment assessed at confinement in the state penitentiary for a term of 99 years, from which judgment he prosecutes this appeal.

This case was before this court at a former term and is reported in 58 S. W. (2d) 115.

It appears from the record before us that it was the state's contention that deceased was beaten to death by the defendant with some blunt instrument, and the appellant's contention was that deceased met his death accidentally by an automobile running over him and dragging his body some distance, resulting in injuries from which he died.

By bill of exception No. 1 appellant complains of the action of the court in permitting the state to prove by the witness Lewis Jones that he, the said witness, made an examination of the ground where deceased lost his life the night before and that he did not find any evidence as to where a jack or anything else had settled and found no evidence on the ground showing that anything has been lying there but only that there had been some trampling around there; that he found no impression at the 15 foot point (where the defendant said his father lay down on the ground in front of the car while he was repairing it); that he, the said witness, then went on down to where he found the first spot of blood on the night before and he could still see the spot of blood. To this testimony the defendant objected because it was not shown that the conditions were the same as they were the night before with reference to the condition of the ground or surface of the road where it is claimed the accident occurred. The court overruled said objection and the defendant then and there excepted. We believe that the ruling of the trial court was eminently correct; the evidence was admissible inasmuch as the examination of the ground was made by

the witness the next morning after the alleged homicide. It was proper for the jury to consider it and to give it such weight and credit as under the circumstances it was entitled to.

The appellant by bill of exception No. 3 complains of the action of the court in permitting the state to prove by the witness Dan Holland that he made a demonstration on the ground where the transaction occurred the night before; that he was out there about 8 or 9 o'clock the next morning and made a demonstration at the exact point of the road by dragging his mechanic's cap along the road and that it would make a mark; that the mark made from dragging the cap along the road could be plainly seen; that the cap weighed about a quarter of a pound, to all of which the defendant objected because it was not shown that the experiment was made in the road at the same place where deceased's body would have come into contact with the car either by lying down on the ground or by being dragged in the road and because the experiment was made in the absence of defendant and it was not shown by the witness that he knew of his own knowledge where the car stood and was pushed off the jack. The objections were by the court overruled and the defendant then and there in due form reserved his exceptions. We believe that in view of the fact that the witness testified that he went out the next morning about 8 or 9 o'clock to the place where the transaction occurred the night before that said testimony was admissible to be considered by the jury and to be given such weight and credit as in their opinion it was entitled to.

The appellant by bills of exception Nos. 2 and 4 complains of the action of the court in permitting Dr. J. M. Campbell and Dr. L. P. Hudson to give their opinion in response to the following hypothetical question: "Suppose from your experience as a physician and surgeon that in the night a car had been pushed off of the jack after a puncture had been repaired and that it rolled down an incline some 15 feet, the hill being inclined to about an inch to a foot for at least 15 feet, and struck a man weighing between 215 and 220 pounds, and had dragged that body for a distance of about 15 or 20 steps and had run over the body and dragged the body for the distance stated, then state whether or not under circumstances of that kind and from the nature of the wounds you saw on the body of deceased whether such wounds could have been inflicted by the dragging under that automobile," to which the defendant in due time objected because same called for an opinion and conclusion of the witness upon a hypothetical question which the evidence does

not disclose, since the evidence failed to show how or in what manner the wounds were made by the body coming into contact with the car or where or in what position the body was when the car struck or what portion of the car struck deceased or how or in what position the body was in while being struck by the car, which objections were by the court overruled and the witness permitted to testify as follows: "I don't believe a car can produce that character of wound." We believe that the learned trial judge erred in the admission of this testimony. Expert testimony is such as is given on questions of science, skill, or trade by persons learned or experienced therein. The opinions expressed by the witness upon the hypothetical question propounded by the state did not rest in or result from scientific knowledge or learning, but was an expression of an opinion upon the defendant's entire defense and was an invasion of the province of the jury. The very issue for the jury to determine was whether deceased's death was due to an accident as a result of the automobile running over him or was due to being struck with a blunt instrument in the hands of the defendant. This court said in the case of Boles v. State, 299 S. W., 417:

"* * * This controlling issue cannot be made to depend upon the opinion of a witness nor submitted for solution to the general opinion of witnesses. Such would be the effect of permitting this witness, not present at the homicide, to state his opinion as to the relative position of the parties at the time of the shooting, when same is in dispute, thus in effect permitting the witness to testify that defendant did not shoot in his own necessary self-defense, but instead shot as contended by the state."

So in the case under consideration the question to be solved by the jury was whether deceased's death was due to an accident or due to the fact that he was struck by some blunt instrument in the hands of defendant; that was the vital issue in the case to be solved by the jury and not to be solved for them by witnesses. The doctors could of course give the location of the wounds upon the body of deceased as found by them, the condition of the wounds, and then state their opinion as to whether made with a blunt or a sharp instrument, but not whether they could have been made by an automobile running over deceased as that did not involve any technical skill or scientific learning, but common experience and common sense as to which the jury could judge for themselves. See Tolston v. State, 248 S. W., 50; Maroney v. State, 29 S. W. (2d) 772. The testimony of the

doctors was admitted without objection on the former trial and therefore is not discussed in the former opinion.

The appellant by bill of exception No. 5 complains of the action of the court in not permitting the witness M. M. Taylor to state that there were some instruments or bolts under the car that would catch and hang on the clothing of a man and that if they did strike the head or body of the man they would make wounds on him. The testimony in the manner in which it was sought to be elicited was not admissible in that it called for the opinion of the witness, but the witness should have been permitted to state that there were bolts and instruments under the car and then state the height from the ground which said bolts and instruments were and then permit the jury to draw their own conclusions by taking into consideration the size of deceased as to whether the instruments and bolts would catch and hang on the clothing of a man.

The appellant by bills of exception Nos. 7 and 8 complains of the action of the court in refusing to permit the appellant to prove by a number of witnesses that the next morning after the accident or the second day thereafter they examined the car of the appellant and saw blood scattered about said car, some on the front bumper, some on the left hind wheel, and some underneath the front axle of the car and some on the right headlight of the car. We believe that this testimony was admissible in that it tended to support defendant's theory that deceased was accidentally run over by the car resulting in injuries from which he died. The state took issue with the defendant on this theory of the case, contending that deceased was struck with some blunt instrument and killed.

The appellant by bills of exception Nos. 9 and 10 also complains of the action of the court in refusing to permit him to prove by the witness Jim Williams that he, the witness, was familiar with the car of appellant and with its condition; that he had frequently driven said car and observed others driving same with reference to the difficulty in starting the car and stopping the same and the condition of the starter and brake thereon up to the day of the accident. We believe that this testimony was admissible to support the appellant's theory that the brakes were bad and the car ran down the hill over the deceased inflicting the injuries which resulted in his death, and corroborated the statement of defendant as to how the killing occurred. We are also of the opinion that the testimony of the witnesses Horace Gray and J. W. Mason as to the condition of the car of defendant for some time prior to and up to the date

of the accident was admissible for the same reason that the testimony of Jim Williams would be admissible. The matters complained of by appellant as to the admission and rejection of testimony herein discussed were not complained of upon the former trial and therefore were not before this court for consideration.

For the errors above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.