# Harry M. Hoxsey v. The State.

No. 21996. Delivered March 11, 1942.

The opinion states the case.

*Al G. Templeton, Frank D. Ivey,* and *Baskett & Parks,* all of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of unlawfully engaging in the practice of medicine. The punishment assessed is confinement

in the county jail for a period aggregating five months and a fine of $2,500.00.

Appellant reserved seventeen bills of exception to the admission and rejection of evidence. He requested forty-one special charges, two of which were given by the court. He also addressed a number of objections to the court's charge, each of which has been brought forward by a bill of exception. To discuss all of them would extend this opinion at too great a length and would serve no useful purpose inasmuch as they seem to us to be without merit. However, we deem it proper to discuss a few of the bills which present questions that may arise upon another trial in order to demonstrate the want of merit therein.

It appears from the record that appellant was charged by complaint and information in seven separate counts with having on various occasions engaged in the practice of medicine in the City and County of Dallas, State of Texas, by treating human beings for diseases and disorders, as well as mental and physical ailments, charging therefor without first having filed with the Clerk of the District Court of Dallas County a license from the State Board of Medical Examiners. The court submitted the case to the jury upon counts Nos. 1, 3, 4, 5 and 7, and the jury found appellant guilty upon each of said counts and assessed the punishment in each instance at confinement in the county jail for a period of thirty days and a fine of $500.00.

By a motion to quash appellant attacked the complaint and information upon the following grounds: (a) Because each count in the information charged that it was based upon the affidavit of W. F. McBride, which was highly prejudicial, inflammatory and calculated to prejudice the jury against him; (b) because each count thereof is vague, uncertain and indefinite and does not apprise him of the proof that he will be required to meet; (c) that each count thereof is duplicitous in that it charges a violation of the statute in different respects, etc. The court overruled the motion, to which an exception was taken. We have carefully examined the complaint and information in the light of the objections urged thereto and reached the conclusion that the motion is not well founded. It appears to us that the complaint and information charged the offense in the language of the statute.

By Bill of Exception No. 2 appellant complains because the court would not permit him, in the examination of the prospective jurors, to ask them the following question:

"If you should find and believe from the evidence, or have a reasonable doubt thereof, that Dr. C. M. Hartzog actually made the charge of the persons named in the information and not the defendant, it would be your duty to acquit the defendant. Would you be willing to do so under this state of the evidence?"

To which the State objected and which objection was sustained by the court. It is obvious from the question that appellant sought to have the jurors commit themselves in advance of the hearing of any evidence as to what they would or would not do under an assumed instruction from the court upon a certain issue raised by the evidence regardless of whether they believed the evidence raising the issue to be true. Moreover, it assumed as a fact that the court would instruct the jury that if Dr. Hartzog made the charge for the treatment administered by the appellant to the patients, that the jury would be required to acquit him. This would not be a correct instruction because it loses sight of the fact that the jury may find that Dr. Hartzog made the charge or appellant may have requested him to do so in order to circumvent the law. In Thompson on Trials, (2nd Ed.) Vol. 1, p. 117, sec. 102, the rule is thus laid down:

"Hypothetical questions, that is, questions as to what the juror would or would not decide in a supposed state of the evidence, are not allowed."

See also Naugle v. State, 118 Tex. Cr. R. 566; Denning v. State, 110 Tex. Cr. R. 153; 26 Tex. Jur. p. 658, sec. 93.

By Bills of Exception Nos. 3 and 4 appellant complains of the testimony given by W. F. McBride to the effect that he had talked to defendant about his place of residence; that defendant told him he came to Dallas in the year 1936 and had been there continuously since that time; that he had resided in Dallas County since 1936, and that since December, 1939, the witness had seen him in Dallas at different times. Appellant objected to said testimony on the ground that it was immaterial and irrelevant, as it did not prove that appellant was a resident of said county. We deem this testimony material and relevant to show that appellant resided in Dallas County, where

he met and treated people without having filed a certificate from the State Board of Medical Examiners since the time that he stated he came to Dallas. Hence we overrule his contention.

By Bill of Exception No. 5, appellant complains because the court declined to permit appellant's witness, Mrs. J. D. Whitehead, to testify that she had been around the clinic quite often, every three or four months; that she never saw appellant treat anyone and never saw him practice medicine. It is obvious to us that this testimony would have been but an opinion or conclusion of the witness as to what, in her opinion, constituted the practice of medicine. This was a contested issue which the jury had to decide from all the facts and circumstances in evidence, and to have permitted the witness to have so testified would in effect have permitted her to decide the question for the jury. If the witness had stated what, if anything, she saw him do while she was at the clinic and permitted the jury to draw their own conclusion as to whether such acts constituted the practice of medicine under the law as given them in the charge by the court, then a different question would have been presented. See Maroney v. State, 115 Tex. Cr. R. 298; Langford v. State, 124 Tex. Cr. R. 473, 63 S. W. (2d) 1027.

Bills of Exception Nos. 6, 7, 8 and 9 are equally without merit. Hence we do not deem it necessary to discuss the same.

Bill of Exception No. 10 shows that appellant would have proved by Charles A. Cook that he lived in Dallas; that he knew the appellant and Dr. Hartzog; that Dr. Hartzog treated him; that he went to the Clinic in January, 1940, some six or seven times during which he saw other patients there; that he did not see Dr. Hoxsey wait on any other patients except when Dr. Hartzog was present; that he never saw him (appellant) treat anyone or prescribe any medicine. This testimony would have shown that the witness was receiving treatment at the clinic within the period of time alleged in the information that appellant treated patients and charged therefor and would be admissible. We do not understand why the State objected to this testimony. It clearly shows that appellant did treat patients when Dr. Hartzog was present, which he had no legal right to do unless he had filed a license as required by law.

Bill of Exception No. 11 shows that appellant undertook to prove by the witness, W. H. Paschall, that he knew the

defendant and knew Dr. Hartzog; that he knew where the Bryan and Peak Cancer Clinic was located in Dallas; that he went there and was treated by Dr. Hartzog; that everything that Dr. Hoxsey did out there he did it under the direction of Dr. Hartzog, and he then attempted to show by said witness what Dr. Hartzog diagnosed his trouble to be, to-wit, "basal Carcinoma"; that the witness did not know any of the people named in the information and never saw any of them treated. The State objected to said testimony and the court sustained the objection, to which appellant excepted. It is quite obvious that whatever Dr. Hartzog did was not material or relevant, neither was the fact that the witness had "basal Carcinoma," and that he did not know any of the people named in the information. We are frank to admit that we are at a loss to understand what light the proffered testimony would have shed on any issue in the case.

Bills of Exception Nos. 12, 13, 14, 15 and 16 relate to similar testimony as Bill No. 5, and for the reason there stated, we overrule these bills.

Many other bills of exception appear in the record which show that appellant offered a number of witnesses by whom he expected to prove and would have proved, had they been permitted to testify, that they knew the appellant; that they went to the Bryan and Peak Cancer Clinic at different times for treatment but they did not see him do anything, nor did they hear him ask for pay, neither did they see him receive any pay. It is obvious that the object of appellant in offering this testimony was to rebut the fact that he was engaged in the practice of medicine for pay and to re-enforce the legal presumption of his innocence. We believe that this evidence, although negative in character, would be admissible if it related to the time and place of the alleged treatment by appellant of the various parties named in the information. Some of the bills show that the proffered testimony related to a time anterior to that when he was charged with having engaged in the practice of medicine, which of course would not be admissible as at that time he may not have yet engaged in the practice. Other bills fail to show when the witnesses were at the Bryan and Peak Cancer Clinic where the appellant was alleged to have been engaged in the unlawful practice of medicine. It may be that they also were there prior to the time charged. Appellant was not charged with engaging generally in the practice of medicine but with specific acts, at stated times and on specified

persons. Therefore, these bills fail to reflect any reversible error. We believe that what we have said here finds support in the case of Pierson v. State, 78 Tex. Cr. R. 275.

Appellant reserved a number of bills of exception to remarks made by counsel for the State in their argument to the jury which he claims were not based on any evidence, or reasonable deductions therefrom, and were prejudicial. We deem it necessary to discuss only the one relating to the conduct and remarks of the private prosecutor. This bill shows that at a previous setting of the case an application for a continuance was drawn, signed and sworn to by one of appellant's attorneys, based on the absence of Dr. Hartzog who, as alleged therein, would testify, if present, that he was a duly licensed physician; that he, and not the defendant, treated and prescribed for the persons named in the information and charged for said services, etc. The bill further shows that the application for a continuance was not introduced as evidence; that Dr. Hartzog was subpoenaed by the State but was not called by either side as a witness; that nevertheless, the private prosecutor, while making his closing argument to the jury, picked up this application from the clerk's desk, read several paragraphs thereof to the jury and then commented thereon. Since the application was not introduced in evidence under the ruling of the court, it was improper for counsel to read statements therefrom to the jury. While we have not found any case wherein this court has passed on the particular question here presented, still courts of other jurisdictions have had the question before them and decided it adversely to the State. In the case of Moon v. State, 245 S. W. 29, counsel for the State, during the argument of the case, read to the jury a motion for a continuance not in evidence, to the reading of which counsel for defendant objected as being prejudicial, which objection was overruled. The Supreme Court of Arkansas, in passing on the question, decided that the same constituted prejudicial and reversible error. In the case of Baker v. State, 32 Pacific, 161, the Supreme Court of the State of Oregon had the identical question before it and held it to constitute reversible error.

All other questions presented but not discussed are overruled.

For the error herein pointed out, each and all of the judgments of the trial court are reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.