

# The Attorney General of Texas

October 25, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Billy Fred Lacy
Potter County Auditor
Potter County Courthouse
Amarillo, Texas 79101

Opinion No. MW-77

Re: Compensation of witnesses as experts.

Dear Mr. Lacy:

You advise that two out-of-county private attorneys subpoenaed to testify for the prosecution in a Potter County felony case have submitted to your office claims amounting to $1,000 and $1,400, respectively, as "expert witness fees." The district attorney and county attorney differ on the matter, and you have asked this office if such claims can be paid.

In Texas, the right of witnesses to receive compensation for their attendance in court is statutory, and they are entitled only to such fees as the statutes prescribe. Attorney General Opinion O-2311 (1940). See Summers v. State, 5 Crim. Rep. 365 (Tex. App. 1879). Out-of-county witnesses are ordinarily compensated directly by the state rather than by the county, although the county may advance the funds that are reasonably necessary to enable such witnesses to attend, and later seek reimbursement from the state. Code Crim. Proc. art. 35.27. Out-of-county witnesses are entitled by the statute to compensation for the reasonable and necessary travel and daily living expenses they incur by reason of attendance, not to exceed 25 dollars per day for living expenses, and 12 cents per mile for travel by personal automobile. In addition,

> the Comptroller of Public Accounts, upon proper application by the attorney for the State, shall pay such other expenses as may be required by the laws of this State or the state from which the attendance of the witness is sought.

Code Crim. Proc. art. 35.27, § 3. Cf. Code Crim. Proc. arts. 1078, 1080 (compensation of in-county witnesses).

An "expert witness," as the term is normally employed, is one giving "expert evidence" — that is, an opinion by a qualified person on facts already proved, involving scientific or technical knowledge; and not evidence of

things done or seen which anyone who had done them or seen them would be competent to prove.  Allen v. Texas & N.O.R. Co., 70 S.W.2d 758 (Tex. Civ. App. — Waco 1934, writ dism'd).  See Langford v. State, 63 S.W.2d 1027 (Tex. Crim. App. 1933); Adams v. Smith, 479 S.W.2d 390 (Tex. Civ. App. — Amarillo 1972, no writ).  The employment of an expert is usually a matter of contract between the expert and the attorney who hires him as a consultant, whether or not he is expected to testify.  Attorney General Opinion O-2311 (1940).  Where the Code of Criminal Procedure expressly authorizes the payment of "expert witness" costs, the expense is recoverable as part of the investigation expense or fee allowed the attorney, not as a fee due the witness as a witness. See Code Crim. Proc. art. 26.05.

There is no Texas statute that authorizes the payment of witness fees to out-of-county witnesses, expert or not, in amounts greater than those allowed by article 35.27 of the Code of Criminal Procedure.  However much experts might be entitled contractually to receive for their services as consultants, there is no authority to pay them, as witnesses, greater fees than those paid other witnesses unless the "other expenses" provision found in section three of that statute provides it.

We do not believe the "other expenses" provision was intended to cover those sums that an expert might contractually charge as payment for his services as a consultant; we think it was intended to cover only those expenses which a statute declares must be paid to compel the attendance of the witness.  Only such other expenses "as may be required by the laws of this State or the state from which the attendance of the witness is sought" are authorized to be paid.  See Attorney General Opinions H-125, H-107 (1973).  Cf. Code Crim. Proc. art. 24.28 (out-of-state witnesses).

In our opinion the two claimants are not entitled to receive witness fees in amounts greater than those allowed by article 35.27 of the Code of Criminal Procedure for travel expenses and daily living expenses.  Moreover, since the sums due them need not be advanced by the county to secure their attendance upon the trial already concluded, their sworn applications for payment should be made directly to the Comptroller of Public Accounts, accompanied by the requisite affidavits, and not to your office.  We do not pass upon any claim the two attorneys may have for services performed as consultants; we have not been advised of the agreements, if any, they may have concluded in that regard.

### SUMMARY

Although experts who testify at criminal trials may have a contract entitling them to receive other sums for their services as consultants, there is no authority to pay them, as witnesses, greater fees than those paid other witnesses.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Tom Bullington
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood