GEORGE HAWTHORNE v. THE STATE.

No. 11926.    Delivered November 7, 1928.

The opinion states the case.

*D. L. Harry* of Jacksonville for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

Officer Smith received information that a car with a certain number would be along a certain road on the night in question conveying liquor. He went out upon the road, observed the car with the number in question, followed same, and later observed in it a carton containing fruit jars, which upon closer examination were found to be full of whiskey.

The first bill of exceptions complains of the refusal of the court to compel Mr. Smith while testifying on cross-examination, to disclose the name of the person who gave him the information which led to the search and arrest. We know of no rule of law which would support the contention of appellant. The party who gave Mr. Smith said information was not used as a witness. Appellant's purpose seems to be to obtain the name of said party in order to investigate and possibly show that such party was not credible. We do not regard the contention of appellant as sound. No authorities are cited supporting appellant's contention. Bill of exceptions No. 2 is substantially the same. It sets up that in his cross-examination of Mr. Smith appellant elicited from him the fact that the party who gave him the information regarding the alleged transportation of liquor in the car mentioned, had been indicted for some offense. Complaint is made of the fact that when appellant sought to force Mr. Smith to state what offense said party had been indicted for, the State's objection was sustained.

Another bill complains of the fact that while officer Smith was testifying and after the rule had been invoked, officer Gregory was in the room, and sets out that when Mr. Gregory was introduced, his testimony was objected to. The bill is qualified by reference to the statement of facts wherein it appears that Mr. Gregory stated, when examined in reference to this matter, that he had not heard the testimony of Mr. Smith. There are no other bills of exception in the record. Appellant files an able brief and cites many authorities upon a proposition not before this court, namely, that the officer had time

to procure a search warrant before he met and searched appellant's car. As stated, this proposition is not brought before us in any tangible legal way. However we observe that when the officer met the car of appellant, and followed same and before he searched it, he saw the carton as well as the fruit jars therein which had a coat partially thrown over same. We think these facts, coupled with the information he had received, would fully justify the officer making the search without search warrant.

No error appearing, the judgment will be affirmed.

*Affirmed.*