CLAUDE SADLER v. THE STATE.

No. 14244.   Delivered June 10, 1931.

The opinion states the case.

*Couch & Couch,* and *S. F. Leslie,* all of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

Two officers in a car together out on a road met appellant just past a turn in said road. They had started out with a view of either intercepting or ascertaining if appellant was transporting or possessing intoxicating liquor. When they met him they turned their car across the road, whereupon appellant stopped his car, and,—according to the testimony of the officers,—proceeded to break a container of liquor, and then go to the rear of his car and break two or three others. One of the officers testified that appellant threw part of the whisky at them, and that it splashed on them, and that it was in the bottom of the car. The evidence amply supports the verdict and judgment.

There are six bills of exception. The first brings forward all of the various grounds alleged in the motion for new trial, and asserts that the court erred in refusing to grant such new trial. A bill of exception of this kind is of no practical value. It would be manifestly proper for the appellant to make complaint of the matters severally, and at the time they occur in the course of the trial, and to bring up his several bills of exception presenting such complaint.

Bill of exception No. 2 complains of the refusal of the court below to compel the officer who arrested appellant to disclose from whom he got the information on which he was seeking appellant, and which led him to make the trip. We know of no reason why the court should attempt to compel the officers to disclose such information.

Bill of exception No. 3 complains of the reception of testimony of the officers who were present when, as they stated, appellant broke several containers of whisky, part of which splashed on them,—to the effect that after they carried appellant to jail they wrung out their handkerchiefs and the liquid thus obtained was whisky. The fact that appellant was under arrest would not suffice to prevent the introduction of this testimony.

There is nothing in bill of exception No. 4 calling for discussion. Bill No. 5 sets up that the officer testified that when he turned his car in front of appellant he expected to apprehend him and that he did stop him right there. Asked by appellant on cross-examination if he did not so do, this was answered in the affirmative. Appellant then moved to exclude all the testimony of the officer as to the acts of appellant after he was stopped. The refusal of the court to grant this motion is obviously

correct. Appellant, according to the state's theory, proceeded to break a number of containers of whisky which he had in his car after he was stopped by the officers. These things were res gestae of the offense charged and testimony of same was admissible.

The remaining bill of exception complains of the fact that after the state rested its case one afternoon, it was permitted to reopen the case the next morning, and that thereupon appellant asked for a continuance because of the absence of two witnesses. The bill is qualified at length, and in such manner as to show that appellant was informed the evening before he made his motion for continuance, that the state was going to reopen its case, and it is not shown that he made any effort to secure the testimony of the two absent witnesses. It is further shown both by the record and the qualification of the court that the testimony of these two witnesses was material only to matters which were drawn out by the cross-examination of the state witness the next morning after the state had rested its case the evening before. It appears that the state's attorney was uncertain as to whether he had shown that after appellant came into view of the officers just before his arrest he had moved his car along the road any distance. For the purpose of making this proof the court was asked to reopen the case the next morning. When the case was reopened the state introduced the officer who testified to the fact that after appellant came into his view he moved his car some one hundred feet along the road. This was all the purpose for which the state reopened the case. Appellant's counsel took the witness on cross-examination and went into a number of matters which, in our view, and evidently in that of the trial court, were not at all germane to the matter for which the state reopened the case, and which do not seem to be of any value in shedding light upon the admissibility of the officers' testimony. It clearly appears that the testimony of the absent witnesses related only to matters thus brought out by appellant's counsel during his cross-examination of the officers on said morning. We do not think the bill manifests any error.

The judgment will be affirmed.

*Affirmed.*