G. W. Barnes and W. L. Bierschwale v. The State.

No. 14410. Delivered October 28, 1931.

*Bert Edward Derden,* of Wichita Falls, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment against each defendant, one year in the penitentiary.

Appellants in a car together were observed by two officers. Upon discovery of the fact that they were seen, appellants appear to have whirled their car as though to try to move off, but they seem to have run upon what is called a high center, and could not go any further. The officers testified that as they approached the car they observed one of the appellants pick up a hammer and start to break a five gallon jug of whisky sitting in the car, the top of which could be seen by the officers. The officers stopped the party before he broke the jug of whisky. Two half gallons jars of whisky were lying up back of the seat of the car, in plain sight. The evidence seems overwhelmingly sufficient.

There are five bills of exception presenting complaints for one reason and another of the evidence of the officers as to what they found in said car. There appears to have been no exception taken to the charge of the court, and special charge No. 1 which was asked exhibits thereon nothing from which this court could be informed as to when it was presented and requested. The refusal of this charge is complained of by no separate bill of exception.

Bill of exception No. 2 complains of the reception of the evidence of the officers on the ground that they had no search warrant. We are of opinion that this record abounds in evidence sufficient to show probable cause for the search by the officers, in which case it is not necessary for them to have a search warrant. Hawthorne v. State, 110 Texas

Crim. Rep., 646, 10 S. W. (2d) 724; Brasselton v. State, 112 Texas Crim. Rep., 615, 18 S. W. (2d) 168.

Appellants sought to have the jury told by their special instruction No. 2 that the burden was on the state to convince the jury beyond a reasonable doubt that the liquor, if any, so transported by appellants was not transported for a legal purpose. We do not think it incumbent upon the state to make any such proof. Bills of exception Nos. 3, 4 and 5 present substantially the same complaint as appears in bill No. 2, and for the reason above stated we think same present no error. Each of these bills is so qualified by the trial court without exception as to show that the officers had abundant evidence of the presence of intoxicating liquor in the car before they made any search thereof and obtained the testimony which was given by them.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*