CLARENCE HAYS V. THE STATE.

No. 18896.    Delivered March 24, 1937.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of distilled liquors not contained in a container to which is affixed a stamp or other valid evidence showing the payment of taxes on such liquor due to the State; penalty assessed at confinement in the county jail for ten days and a fine of ten dollars.

Dunwoody, a deputy sheriff, testified that he went to the home of the appellant at Nugent, Texas, in company with the county attorney. Acting under a search warrant, they searched the premises of the appellant during his absence. Upon lifting up a loose board in the floor of the kitchen, they found a quart bottle and a half-pint bottle of whisky. Both bottles had the proper liquor stamps affixed thereto. They also found a pint bottle full of corn whisky which did not have any stamp showing the payment of the taxes due to the State of Texas, but it did have a stamp placed across the crown showing the payment of taxes due to the United States Government. The stamp had been broken and partially removed from the bottle.

The County Attorney testified that he accompanied the deputy sheriff in making the search of the appellant's premises; that they found the whisky testified to by the deputy sheriff. The quart bottle and the half-pint bottle of whisky were properly stamped but the pint bottle found in some newspapers had no stamp on it showing the payment of taxes thereon due to the State. In the opinion of the witness, the bottle contained some kind of home-made corn whisky.

The appellant testified that he had purchased the liquor found by the officers at a package store in Fort Worth; that he kept the liquor under the kitchen floor to keep the children from getting at it and also to prevent the neighbors from seeing it. Appellant further testified that he purchased the liquor for medicinal use and that he did not have any of it for sale. He claimed that the liquor had the proper State tax stamp on it at the time of the purchase but that the stamp must have come off or gotten lost. From the appellant's testimony we quote:

"I thought that when I bought that pint bottle which the officers say is corn whisky that I was buying legitimate bonded

liquor, properly tax paid, because I bought it out of a legitimate package store and it had the stamp on it."

On cross-examination the appellant testified that he had never drunk any corn whisky and that he did not know whether or not the half-pint bottle of liquor upon which the prosecution is based was corn whisky.

The wife of the appellant testified that the whisky found in the search of the kitchen was whisky mixed with Black Draught which was used for medicinal purposes; that all the whisky found was used for their own drinking purposes. The witness testified that she knew that the half-pint bottle had the stamp on it when it was purchased and brought to their house; that it must have come off in handling the bottle.

In a bill of exception complaint is made of the refusal of the court to give a special charge requested by the appellant to the effect that if the jury found from the evidence that the appellant purchased the pint bottle of whisky introduced in evidence at a package store in Fort Worth and that at the time he purchased same it had a stamp thereon evidencing the payment of the taxes due the State of Texas and that he carried the bottle home and that thereafter the stamp came loose and came off said bottle and was lost, the appellant should be acquitted. In view of the testimony of both the appellant and his wife upon the trial to the effect that at the time of the purchase the pint bottle of whisky in question had the proper stamp upon it, the requested special charge should have been given to the jury.

Because of the error mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*