# JANUARY 29, 1941

## J. M. AUSTIN V. THE STATE.

No. 20951. Delivered October 16, 1940.
Rehearing Denied January 29, 1941.

The opinion states the case.

*McCartney, McCartney & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

GRAVES, Judge.

The original opinion herein handed down April 17, 1940, is withdrawn and the following substituted therefor:

Appellant was convicted of the possession of an illicit beverage, to-wit: liquor to which container there was not affixed a stamp showing that the tax due the State thereon had been paid.

The statute evidencing the criminality of such act under the law is found in the Acts of 1935, Sec. 43 of what is termed Art. 666 of the Penal Code. We find, however, that such section of Art. 666 was repealed by the passage of H. B. No. 5, Chapter 448, of the Acts of the Regular Session of the 45th Legislature, and in order to find a denunciation of the possession of unstamped liquor we are relegated to the definition of an "illicit beverage" in the following terms:

" 'Illicit beverage' shall mean and refer to any alcohol beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, stored, possessed, imported or transported in violation of this act, or on which any tax imposed by the laws of this State has not been paid, and the tax stamp affixed thereto," same being found in Section 3a of such act.

We then find in Section 41 of such act the punitory clause relative to the possession of such illicit beverage.

Under the facts of this case we think the jury were warranted in failing to give credence to the appellant's defense offered relative to the loss of the stamps on these bottles of whisky after they were said to have been purchased by him, especially in view of his conduct at the time the officers searched his place of business.

Appellant cites us to the Hays case, 103 S. W. (2d) 374, which is a case strikingly in point in both facts and law, and from an observation of the court's special charge No. 1, it was evidently followed by this trial court. We do observe, however, that such charge, which was thought to be necessary in the Hays

case, supra, and which was given in this cause also, was based on Sec. 43 of the liquor laws of 1935, and we further observe that under such an interpretation thereof the legislature, at the ensuing session, saw fit to repeal Section 43 in its entirety, thus relegating this alleged violation to Section 3a of the 1937 act.

It is contended by appellant, and rightly so, we think, that the repeal of Section 43, and the slight change in Sections 3a, as first quoted herein, evidenced a tendency of the legislature to relax the provisions of the law to some extent so that the evidence of a single payment of the tax and the affixing of a tax stamp would satisfy the requirements of the statute.

Complaint is also made of certain remarks of the county attorney in his address to the jury. Without setting forth such remarks, we are of the opinion that if error there was, which we do not say, the prompt instruction of the court to the jury to disregard the same rendered such error, if any, harmless. Such remarks thus complained of were mainly matters of common knowledge, and partly matters of statutory enactment, and could not have seriously affected a jury, especially in view of the court's prompt instruction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that his bill of exception number four presents error for which the judgment should be reversed.

Said bill complains of a portion of the testimony given by the witness Pelphrey who was an inspector for the Liquor Control Board of the State of Texas. In order to properly appraise the bill in question it is necessary to state that the three bottles of whisky found in appellant's possession did not have upon them the stamp tax evidencing payment of the tax due the State. It was appellant's contention that said stamps were on the bottles when he bought them and he did not know how they were removed. Mr. Smith, a deputy constable, was with Mr. Pelphrey when they took from appellant the bottles in question. Mr. Smith was the first State's witness, who testified on direct examination regarding the stamps only to the fact that the stamps on the three bottles seemed to have been mutilated.

On cross examination counsel for appellant elicited from Mr. Smith the following evidence: "The little stamps on the bottles seem to be stuck on. The stamps do not rub off in ordinary use. I am quite sure of that. The stamps appear to be somewhat defaced on all three of the bottles; destroyed. There has been something stuck on the bottles, but I do not know what it is. There has been something stuck on, but I do not know when it was taken off. I do not know whether or not the tax was ever paid on that whisky. I have no way of knowing."

On direct examination Mr. Pelphrey testified regarding the stamps only as follows: "I have examined these bottles. I have not found any tax stamps on them in payment to the State * * * There is no tax stamp on any of the three bottles."

On cross examination counsel for appellant elicited the following: "There is no evidence of a tax having been paid on the whisky. I could not swear that the tax has not been paid or that the tax has been paid. The stamps that are placed on there are paper stamps. The stamp tax is stamped on the bottle if the tax has been paid. It is placed on there with glue; it will stick. You moisten it and then stick it on. It appears that something has been stuck on the top of this bottle."

On redirect examination by the State Mr. Pelphrey testified: "The only way I know that the stamp can be taken off is to be scraped off—they won't slip off. * * * I am acquainted with the kind of a stamp tax that was being put on bottles last year, or last summer. Those stamps come in sheets and are dampened. You push that stamp off of this dampened paper and it is on there. Two or three minutes after, any time you try to remove a portion of that, it destroys it complete. In other words, it becomes a part of the bottle. * * * The stamp is as permanent as they know how to get manufactured. There is such a tax required by law on those bottles now. There was no tax stamp on them at the time they were taken."

The complaint of appellant as shown by bill of exception number four is to that part of Pelphrey's testimony given on redirect examination, the pertinent objections urged being that said evidence reflected the opinion and conclusion of the witness, and was an invasion of the province of the jury:" * * * in that it allowed the witness for the State to pass upon and determine the vital issue of this cause, in that his testimony was to the effect that had said stamps ever been placed on said containers, they could not have been removed, or that they would not have come off, as defendant contended, namely that they

came off some time between the time of the purchase and the time of the finding of same in his possession."

Appellant urges error in admitting the evidence complained of upon the proposition that a witness should not be permitted to give his opinion upon the very issue the jury are impaneled to try, and upon matters about which the jurors are as well qualified to speak as the witness.

Supporting his proposition appellant cites us to a number of cases, among them being Davis v. State, 114 Texas Cr. R. 72, 24 S. W. (2d) 417; Langford v. State, 124 Texas Cr. R. 473, 63 S. W. (2d) 1027; McCullers v. State, 125 Texas Cr. R. 357, 67 S. W. (2d) 879; Maroney v. State, 115 Texas Cr. R. 298, 29 S. W. (2d) 772; Hill v. State, 134 Texas Cr. R. 163, 114 S. W. (2d) 1180; Boles v. State, 108 Texas Cr. R. 204, 299 S. W. 407. It will be found that in each of the cases named witnesses were permitted over objection to express their opinion as to the relative position of parties at the time of the difficulty, or that wounds could not have been sustained in a certain way. Allen v. State, 118 Texas Cr. R. 120, 42 S. W. (2d) 602, and Funderburk v. State, 64 S. W. 1059, also cited by appellant, are examples of a clear violation of the principle invoked by appellant which we apply in a proper case, as evidenced in the instances referred to.

We are not inclined to the view that the principle was violated in the present case. The question for the jury was whether stamps evidencing payment of the tax due the State were on the bottles of whisky when appellant bought them. That some character of stamps had been on the bottles is shown by the evidence heretofore related. It is shown with equal sureness that no State tax stamp was on the bottles when they were taken from appellant. If they had ever been on them and had come off would depend largely on the character of stamp used by the State to evidence payment of the tax. If the jurors knew as much about that as the witness Pelphrey then his evidence might have come within the principle invoked; if not, they were entitled to hear Pelphrey's description of the stamps— with which he was acquainted—and also to be advised as to the facts known to the witness regarding them in order that the jury might intelligently pass upon the question submitted. It will be observed from the evidence heretofore related that appellant seems to have started the inquiry about the State tax stamp and its "staying qualities."

Under the circumstances here presented we think appel-

lant's bill of exception number four presents no error.

We deem it unnecessary to write further upon other questions suggested in the motion for rehearing.

The motion for rehearing is overruled.