# APRIL 11, 1945

MELVIN DODD V. THE STATE.

No. 23100. Delivered April 11, 1945.

The opinion states the case.

*R. W. Williford,* of Fairfield, and *W. D. Justice,* of Athens, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the liquor laws, and in a trial before the court he was found guilty and fined the sum of $100.00, and he appeals.

There are no bills of exceptions in the record, but appellant raises some interesting questions relative to the proof herein.

The charging part of the complaint and information is contended to fail to charge an offense against the law. Evidently this charge was brought under Art. 667-23, paragraph "f" of Vernon's Ann. P. C., which reads as follows:

"It shall be unlawful to transport to destinations in this State any beer upon which tax has not been paid and such payment evidenced by stamps affixed and cancelled as required by law."

The pleadings herein of the State allege, in substance, that appellant did "transport to a destination in this State certain beer to which no stamps showing the payment on beverages due to the State of Texas was affixed and cancelled, and to which

said unstamped original package of said beer no valid evidence was affixed showing the payment of such a tax due to the State of Texas, and a tax stamp was then and there required by the law of the State of Texas to be affixed to such package, and a tax on such beverage was then and there due to the State of Texas and the said tax imposed by the laws of the State of Texas on such beer had not been paid, and such payment evidenced by stamps affixed and cancelled as required by law."

It will be observed that appellant was not charged with failing to pay the tax on this beer, but was charged with transporting such beer upon which certain tax stamps had not been affixed and cancelled. The allegation is composed of two certain demanded acts, all contained, however, in one phrase and sentence, that is, with transporting beer upon which no stamps had been affixed and cancelled *showing* the payment of the tax due to the State of Texas. He is not charged with failing to pay the tax, but he is charged with transporting such beer without having affixed thereto a cancelled stamp evidencing such payment. We think a careful reading of such information will evidence that such is its meaning.

The evidence discloses that appellant was a truck driver, and he purchased 100 cases of Blue Bonnet beer, and 140 cases of Southern Select beer at Mexia, Texas, from a wholesaler of beer. When appellant appeared at the wholesale beer house at Mexia he had empty cases for 100 cases of Blue Bonnet beer and 140 cases for Falstaff beer which he desired to purchase. The wholesaler had no Falstaff beer, but did have the Southern Select beer, and the latter was placed in the Falstaff cases. The Blue Bonnet cases had affixed thereon and cancelled the proper tax stamps, but the Falstaff cases were not properly stamped, affixed and cancelled. It was shown, however, that the Southern Select beer tax had been paid, but no stamps were affixed and cancelled on the Falstaff cases which contained the Southern Select beer. This was the method provided for by law to evidence the payment of the tax on beer, and the failure to have the stamp affixed and cancelled on the Falstaff cases was a violation of the law.

Complaint is made of the trial court's judgment herein, in which judgment it is said that appellant was found guilty of transporting an illicit beverage, and it is claimed that the judgment does not follow, nor is it based upon, the pleadings. The judgment does say that the court "finds the defendant Melvin Dodd guilty of transporting illicit beverages as charged," etc. "Illicit beverage" is defined by statute as follows: " 'Illicit bever-

age' shall mean and refer to any alcoholic beverage \* \* \* transported in violation of this act, or on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto," etc. See Vernon's Ann. P. C., Art. 666-3a. We think the trial court was correct in denominating this offense as transporting an illicit beverage.

The cases to which we are cited by appellant, Hays v. State, 103 S. W. (2d) 374, and Austin v. State, 146 S. W. (2d) 990, are cases dealing with whisky and the stamps to be used on each individual bottle. They are not in point where the beverage of beer is involved; the stamps on beer to be affixed on the container and not upon the individual bottle.

We see no error evidenced herein, and the judgment is therefore affirmed.