## R. A. HUDSON V. STATE

No. 25425. October 31, 1951.
Appellant's Motion for Rehearing Denied (Without Written Opinion) December 12, 1951.
Appellant's Second Motion for Rehearing Denied January 30, 1952.

Hon. Thomas H. Sharp, Judge Presiding.

*Paul W. Anderson,* Marshall, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is transporting illicit alcoholic beverage on which no state tax had been paid; the punishment, a fine of $500.00.

An agent of the liquor control board testified that he received a telephone call to the effect that a certain truck was being loaded with whiskey in Louisiana. In answer to this call he went to the state line where the truck was pointed out to him, and he observed appellant riding in the cab. As soon as the truck entered Panola County, where the prosecution was had, the witness stopped the truck and found it to be loaded with whiskey bearing no Texas tax stamps. In the cab he found an invoice from a wholesale whiskey house in Louisiana made out to appellant for a quantity of whiskey. He then placed appellant under arrest.

Appellant moved to quash the information, alleging that the charge consisted of two separate and distinct offenses; i.e., unlawful transportation and unlawfully failing to pay the state tax. We do not so view it. Article 666—3a (4), Penal Code, names sixteen means by which one may be criminally connected with untaxed alcoholic or "illicit beverage." To transport is

one of these. Austin v. State, 141 Tex. Cr.R. 1, 146 S. W. (2d) 990.

The trial court properly overruled the motion.

Bills of Exception 1 and 2 seek to raise the question of the insufficiency of the evidence, which is unnecessary since this court passes upon the sufficiency of the evidence in all cases whether raised by a bill or not. The finding of the invoice made out to appellant for the whiskey in question, together with the other facts, made out the state's case.

Bill of Exception 3 complains because the state's witness was not required to reveal the name of the person from whom he got the information upon which he based his right to search the truck on probable cause. In Sadler v. State, 118 Tex. Cr. R. 318, 40 S. W. (2d) 91, this court said:

"Bill of Exception No. 2 complains of the refusal of the court below to compel the officer who arrested appellant to disclose from whom he got the information on which he was seeking appellant, and which led him to make the trip. We know of no reason why the court should attempt to compel the officers to disclose such information."

See also Hawthorne v. State, 110 Tex. Cr. R. 646, 10 S. W. (2d) 724. For a discussion of the reason for the rule, we refer to Underhill, *Criminal Evidence*, 4th Ed., Sec. 332, p. 633, and Wigmore, *Evidence*, 3rd Ed., Vol. 8, Sec. 2574, p. 715.

Our disposition of appellant's first two bills of exception disposes of the fourth. Allegations or proof of a dry area are not elements of the offense charged herein.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S SECOND MOTION FOR REHEARING

BEAUCHAMP, Judge.

Appellant has filed a second motion for rehearing and calls to our attention matters which probably should have been discussed in connection with the first motion for rehearing.

Appellant has attached affidavits to his second motion for

rehearing setting out that the statement of facts was changed after the same was agreed to and filed of record. There is no admission on the part of the county judge that he did this and the charge lodged in the affidavit is of a general nature. It is stated that the name of R. A. Hudson was not found in the statement of facts as originally filed and that the same was added by the court after the filing. The statement of facts itself, as we find it in the record, does not verify this claim but the name of R. A. Hudson, referred to as the defendant, is found at least five times in the body of the statement.

The question thus raised is quite an unusual one. This court is not a trier of fact. We can only pass on the things that are before us and, while we do not question counsel for appellant or the makers of the affidavits in any manner whatsoever, we are not in position to receive these affidavits and pass upon them. We know of no authority of law authorizing us to do so. As the bills of exception stand and the statement of facts as found in the record, there is no question about the conclusion reached in the original opinion.

Great stress is also laid on the contention that the bills of exception certify error. It is true that they state that the evidence was insufficient but the question of the sufficiency of the evidence is one of law and this court will not accept the trial court's conclusion as to a question of law. The bill must be appraised in the light of the statement of facts.

We are unable to sustain the contentions found in appellant's second motion for rehearing and the same is accordingly overruled.