BOBBIE GEORGE BRIDGES V. STATE.

No. 29,869. June 11, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 22, 1958.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Frank Briscoe* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of heroin with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, 99 years.

The state's testimony shows that Officers E. J. Stringfellow and H. M. Gray, of the Narcotics Division of the Houston Police Department, received information that the appellant would deliver heroin in a chewing gum wrapper to a male person known as Henderson Hobbs in the 2100 Block of McGowen Street. Upon proceeding to the address, they observed the appellant park his automobile in front of an apartment house at 2102 McGowen, blow the horn twice, and Hobbs come out of the house. As the officers got out of their automobile and approached the appellant's automobile, appellant looked toward them and attempted to put a chewing gum wrapper in his mouth whereupon Officer Stringfellow knocked it from his hand to the floor board and picked it up. A capsule was seen to fall from the wrapper and the wrapper itself was found to contain three more capsules. The capsules, upon being examined by Chemist R. E. Tullis, were found to contain heroin. Proof was made of appellant's prior

conviction as alleged. Appellant's written confession made to the officers after his arrest was introduced in evidence by the state in which he admitted the finding of the capsules of heroin on the floor board of his automobile by the officers.

As a witness in his own behalf, appellant, admitted his prior conviction of the offense of possession of marijuana as alleged in the indictment but denied that he possessed the chewing gum wrapper and capsules of heroin recovered from his automobile by the officers. Appellant testified that on the day in question he had loaned his automobile to a friend who returned it with gum wrappers on the floor board and denied that he had attempted to put the gum wrapper to his mouth and that Officer Stringfellow knocked it to the floor board.

Joe Nathan Wilson, upon being called as a witness by the appellant, testified that on the day in question he borrowed appellant's automobile and when it was returned it had gum wrappers in it.

The jury chose to accept the state's testimony and reject that of the appellant and we find the evidence sufficient to sustain its verdict.

Appellant questions the sufficiency of the indictment to charge an offense because it does not negative the various exceptions found in Art. 725b, V.A.P.C. While appellant filed no exceptions or motion to quash the indictment in the trial court, we have examined the same and find the allegations therein sufficient to charge an offense. Under the provisions of Sec. 21 of Art. 725b, supra, it is not necessary that an indictment negative any of the exceptions contained in the act. Such provision of the statute was given effect in Manson v. State, opinion delivered June 4, 1958, (page 514, this volume), 316 S.W. 2d 414. See also, Browning v. State, 161 Texas Cr. Rep. 276, 276 S.W. 2d 522.

Appellant next insists that the recovery of the four capsules from the floor board of his automobile by the officers was the result of an illegal arrest and search not based upon probable cause. With such contention we do not agree. The information which the officers had received plus appellant's overt act in attempting to put the chewing gum wrapper in his mouth was sufficient to lead the officers to believe that appellant possessed a narcotic drug and was committing a felony in their presence

and to authorize his arrest and search of the automobile without a warrant. Art. 725b, sec. 15, supra. French v. State, 162 Texas Cr. Rep. 48, 284 S.W. 2d 359; Sanders v. State, No. 29,715, opinion delivered April 16, 1958, 167 Cr. Rep. _____, 312 S.W. 2d 640 and Slaughter v. State, No. 29,827, opinion delivered May 21, 1958, (page 403, this volume), 314 S.W. 2d 92.

We overrule appellant's contention that the court erred in not requiring Officer Stringfellow to name his informer. An officer is not required to reveal the name of the person from whom he receives information upon which he bases his right to arrest or search upon probable cause. Sadler v. State, 118 Texas Cr. Rep. 318, 40 S.W. 2d 91 and Hudson v. State, 156 Texas Cr. Rep. 612, 243 S.W. 2d 841.

We find no merit in appellant's contention that the court erred in permitting Officer Stringfellow to read an offense report to the jury. The record does not reflect that the witness read the report to the jury but only that the witness was permitted to refer to the report to refresh his memory. Appellant also complains of the court's action in admitting in evidence, over his objection, the offense report and the officer's written request for a chemical analysis of the capsules taken from the automobile. The record reflects that the court later sustained appellant's objections to the evidence and the exhibits do not appear in the record. No reversible error is shown.

In his motion in arrest of judgment and for new trial appellant alleged as grounds therefor, misconduct on the part of the trial judge, the prosecuting attorney and of the jury.

The motion was supported by the affidavit of two persons, one of whom was a juror who served in the case. The state controverted the motion by a written denial which was supported by the affidavit of six of the jurors who served in the case.

It was alleged in the motion that during the voir dire examination of the jury panel the judge absented himself from the courtroom during which time state's counsel stated to the jury panel that appellant was charged as a second offender and that if they found that he was the same party that had been previously convicted then they would be expected to find him guilty as charged. It was further alleged that upon the judge's return to the courtroom appellant objected to the remarks made by state's counsel but that the court failed to instruct the jury on the matter.

Upon this hearing of the motion appellant's counsel testified in substance that the trial judge did absent himself from the courtroom during the examination of the jury panel during which time state's counsel made an objectionable statement and upon his return the judge sustained appellant's objection thereto. Both the trial judge and district attorney testified that the judge was not absent from the courtroom. The state offered the affidavit of three of the jurors who swore positively that the judge did not leave the courtroom at any time during the trial. Under such record we find no abuse of discretion in the court's action in overruling the motion on the ground alleged.

In the motion appellant complained of a statement alleged to have been made by state's counsel while counsel for appellant was making his argument to the jury. Under the provisions of Art. 760e, V.A.C.C.P., it is only where the motion for new trial is based upon jury misconduct or that the jury received new evidence during its deliberations that we are authorized to consider the same in the absence of a bill of exception. Chandler v. State, 157 Texas Cr. Rep. 353, 248 S.W. 2d 736. The matter not being presented by a bill of exception is not properly before us for review. If the statement complained of be considered as argument of state's counsel no effort was made by appellant to reserve the alleged error in the statement of facts under the provisions of Art. 759a, V.A.C.C.P.; therefore, nothing is presented for review. Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734.

Appellant further alleged as jury misconduct that during the trial, one of the jurors, T. D. Reimers, suffered an attack of appendicitis and voted contrary to his conviction in order to be released so that he could seek medical attention. The affidavit of the juror was attached to the motion in support of the allegation and offered in evidence by appellant upon the hearing of the motion. The state offered in evidence the affidavit of ten of the jurors in which they stated that during the trial no member of the jury complained or made any statement about being ill. Under the record the court did not err in overruling the motion on this ground. Furthermore, the reason alleged for the juror returning a verdict of guilty against appellant would not entitle appellant to a new trial as it is the general rule that a juror will not be permitted to impeach or explain his or her verdict by showing the reason for the conclusion reached. Bryant v. State, 159 Texas Cr. Rep. 98, 261 S.W. 2d 728 and Stokes v. State, 165 Texas Cr. Rep. 269, 305 S.W. 2d 779.

Finding the evidence sufficient to support the conviction and no reversable error appearing; the judgment of the trial court is affirmed.

Opinion approved by the Court.