Benjamin ENRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46692.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

118

Tom DeShazor, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of unlawful possession of heroin. His punishment was set at seven (7) years' confinement.

The sufficiency of the evidence is not challenged. The testimony was that on June 10, 1970, Officer B. W. Helms received a phone call from an informer he knew and who had previously given him reliable information on several occasions. The informer advised Officer Helms that the appellant, together with a woman and another man, had heroin in the trunk of a 1964 brown Chevrolet automobile and were attempting to sell it. The informer said he had seen the contraband in the trunk of the car on the same day of the arrest and of the transmittal of the information to Officer Helms. The informer said he and appellant had talked about the sale of heroin, although he did not buy any. The information given to Officer Helms also included the fact that the three people were living in Apartment 40 at the Sunset Motel and that they were going to dispose of the heroin shortly. As a result of the phone call, Officers Helms, Huerta, Dyer and two narcotics agents went to the location of the apartment. The officers set up a surveillance of the apartment at 6:45 p. m. on June 10, 1970. About five minutes after the surveillance began the appellant, a female and another male came out of the apartment. They walked toward a 1964 brown Chevrolet automobile. Officer Huerta and one of the agents approached the appellant and the two other parties. The officers identified themselves and Officer Huerta gave the three their legal warnings. Appellant said that he understood the warning. Officer Huerta then asked the three who had the keys to the automobile. Appellant said he had the keys to the car. Officer Huerta then asked if there was any heroin in the trunk and appellant replied, "Yes." In the trunk of the 1964 Chevrolet there were a scale, five prophylactics containing a substance that was later identified as heroin, and some milk sugar.

Appellant's Ground of Error No. 1 asserts that this cause should be reversed because of the action of the prosecuting attorney on voir dire examination of the jury panel in telling the panel that an informer's name cannot be revealed at the trial for the reason that the informer's life would thereby be endangered. Appellant's objection to this statement was sustained by the court and the jury was instructed to disregard it. Thereafter, the prosecuting attorney again referred to the rule, then mentioning the exception to the rule which permits the identification of the informer when he is a material witness to the actual offense. Upon further objection the court advised the panel that the court would give them the law of the case after the trial was completed and admonished them to remember that nothing said by the attorneys could be considered as evidence. No further relief was requested by the appellant.

Appellant secured all the relief he requested. Reversible error is not presented in view of the trial court's instruction. Guerra v. State, 478 S.W.2d 483 (Tex.Cr. App.1972); Austin v. State, 141 Tex.Cr.R. 1, 146 S.W.2d 990 (1940).

In Ground No. 2 appellant contends that he should have been permitted to have the name of the informer revealed at the trial. The trial court did not err in refusing to do so. There was no showing that the informer took any material part in bringing about the offense or was present when it occurred, or might be a material witness as to whether or not the accused committed the offense. Artell v. State, 372 S.W.2d 944 (Tex.Cr.App.1963); Thayer v. State, 397 S.W.2d 236 (Tex.Cr.App.1965); Acosta v. State, 403 S.W.2d 434 (Tex.Cr. App.1966); Lopez v. State, 397 S.W.2d 76 (Tex.Cr.App.1965). Cf. James v. State, 493 S.W. 201 (Tex.Cr.App.1973).

■ Appellant next complains of the action of the trial court in allowing testimony of the oral incriminating statements of appellant made after his arrest on the grounds that they were not reduced to writing and that he had not been taken before a magistrate. The record shows that appellant and his companions were given the proper legal warnings and were asked if they understood them. Appellant answered that he did understand. They were then asked who had the keys to the automobile. Appellant answered that he had them. The officer then asked if anyone knew whether there was heroin in the trunk. Appellant answered that there was. The trunk was then opened and the heroin was found.

These statements were admissible under the rule long recognized in Texas that voluntary oral confessions made while in custody or not are admissible when they lead to the fruits of the crime. Article 38.22, § 1(e), Vernon's Ann.C.C.P.; Robinson v. State, 441 S.W.2d 855 (Tex.Cr.App.1969); Garza v. State, 468 S.W.2d 440 (Tex.Cr.App.1971). The record shows that appellant was given the proper "Miranda" warning prior to the making of the statements.

Further, it would appear that the statement would also be admissible under the provisions of Article 38.22, supra, § 1(f), which reads in part, "Nothing contained herein shall preclude the admissibility . . . of any statement that is the res gestae of the arrest or of the offense."

■ As for the appellant not being taken before a magistrate, it has never been the requirement that the accused be taken before a magistrate and warned prior to an oral confession. Further, the validity of a written statement is no longer dependent upon the requirement that there was a magistrate's warning prior thereto. See Article 38.22, supra, as amended in 1967; Dunlap v. State, 462 S.W.2d 591 (Tex.Cr.App.1971); Robinson v. State, supra.

■ In Ground No. 4 appellant urges that it was error for the State's chemist to

be allowed to testify as to the percentage of heroin contained in the packages found in appellant's possession, the average percentage of heroin usually found in other packages tested by the witness, and the amounts of heroin usually contained in capsules, papers and shots. The basis of this contention is that this testimony implied to the jury that appellant had the heroin for purposes of sale. We do not agree that this testimony was reasonably calculated to have such effect or that it probably did so. It has been frequently held that the State may show how many capsules a given amount of heroin will fill or how many doses it will supply or how many shots could be obtained therefrom, as such evidence is only allowing the State to translate the testimony into terms which are understandable by the jury. Guajardo v. State, 378 S.W.2d 853 (Tex.Cr.App. 1964); Martinez v. State, 407 S.W.2d 504 (Tex.Cr.App.1966); Acosta v. State, supra.

■ Appellant contends in Ground No. 5 that this cause should be reversed because the witness Alfonso Garza testified that he owned the heroin, that he had been convicted of possessing it, and that appellant did not have any interest in it and did not know that it was in the trunk of the 1964 Chevrolet automobile. This contention is without merit. The jury is the exclusive judge of the evidence and the credibility of the witnesses and the weight to be given their testimony, and in this case it chose to resolve the disputed issue against appellant's contention. Article 38.-04, Vernon's Ann.C.C.P.; Parker v. State, 432 S.W.2d 526 (Tex.Cr.App.1968); Dawson v. State, 472 S.W.2d 775 (Tex.Cr.App. 1971). Furthermore, more than one person may be in possession of the same narcotic drug. Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App.1970); Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App.1969).

■ Appellant's last ground of error urges that the search which produced the heroin was illegal and in violation of his constitutional rights.

From the statement of facts appearing earlier in this opinion it may be seen that the officers, on the basis of the information given them by an informer, had probable cause to search the automobile. The time lapse between the receipt of the information from the informer and the search itself was brief. The information given to the officers was that the suspects were about to leave and dispose of the heroin. There was not sufficient time to procure a search warrant under the circumstances and the search comes within the rule allowing search without a warrant on the basis of probable cause. See Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App. 1970); Rangel v. State, 444 S.W.2d 924 (Tex.Cr.App.1969). See also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Acosta, 411 F.2d 627 (5th Cir.).

All of appellant's grounds of error are respectfully overruled and the judgment of the trial court is affirmed.

Opinion approved by the Court.