**Thomas Falvey PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–035 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 22, 1989.

Discretionary Review Refused March 14, 1990.

Donald M. Brown, Morris, Brown & Davis, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Thomas D. Glenn, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

**BROOKSHIRE, Justice.**

A jury found Appellant guilty of the offense of possession of less than 28 grams of cocaine. The trial court assessed punishment at 20 years confinement in the Texas Department of Corrections. Appellant brings this appeal from the judgment of the trial court. Appellant does not attack the sufficiency of the evidence to support his conviction.

■ By his first point of error Appellant urges that the trial court erred in allowing the prosecutor to make jury arguments in the guilt phase which revealed to the jury an oral statement made by Appellant to police officers. The argument complained of is as follows:

"[PROSECUTOR:] ... You can think about where would that cocain [sic] go and who's [sic] hands was it going to go, 52 small little packets. Mr. Price stated through the testimony of the officers that, hey, it was just for his own personal use. He wasn't going to hurt anybody.

"[DEFENSE COUNSEL:] Objection, Your Honor, counsel is arguing outside the record. She is injecting facts not in the record.

"THE COURT: Overruled.

"[PROSECUTOR:] Like I said before, if I misstate the facts rely on your memory. You are the sole judges of the facts is [sic] in this case. I am just trying to sum them up for your deliberations."

The State admits in its brief that Appellant is correct in stating that Officer Fluellen's testimony that Appellant stated that the *cocaine* was "just for his own personal use" was only heard outside the presence of the jury. However, Officer Fluellen had testified before the jury that Appellant had made an almost identical statement when the officer discovered seven marijuana cigarettes in Appellant's pants pocket. During his cross-examination of Officer Fluellen, Appellant's counsel emphasized this testimony to the jury in an effort to impeach Fluellen by suggesting Fluellen had recently fabricated the statement allegedly made by Appellant when Fluellen found "a certain controlled substance". Clearly, defense counsel's choice of words created a great potential for confusion in the minds of the prosecutor and the trial judge as to which statement by Appellant to Officer Fluellen was in fact part of the evidence admitted before the jury.

Rule 52(a) of the Texas Rules of Appellate Procedure reads, in part, as follows:

## "PRESERVATION OF APPELLATE COMPLAINTS

"(a) General Rule. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparently from the context...."

Appellant's objection to the prosecutor's argument would probably be sufficiently specific in many cases. However, in the present case the confusion partly created by Appellant's counsel's cross-examination of Officer Fluellen called for a more specific statement by defense counsel as to his grounds of objection. Defense counsel never informed the trial court that his complaint was based on the fact that no such statement allegedly made by Appellant regarding the cocaine was in evidence *before the jury*. Had he done so, the trial court might have instructed the jury to disregard that part of the prosecutor's argument. Such an instruction would have been sufficient to cure any harm Appellant may have suffered due to such argument by the prosecutor. *See Hicks v. State*, 545 S.W.2d 805 (Tex.Crim.App.1977).

Furthermore, Appellant did not specify to the trial judge the particular part of the prosecutor's argument to which he directed his objection. The trial court may well have understood counsel's objection to be directed toward that part of the prosecutor's argument which suggested that the jury should speculate as to where the 52 small packets of cocaine found in Appellant's car were intended to go. Since the cocaine was apparently packaged for distri-

bution, this part of the prosecutor's argument merely suggested a reasonable inference from the evidence which would tend to show that Appellant was aware that the substance was contraband. *See Reid v. State*, 749 S.W.2d 903 (Tex.App.—Dallas 1988, pet. ref'd). We therefore hold that Appellant failed to properly preserve the error, if any, complained of in his first point of error. Appellant's first point of error is, therefore, overruled.

Appellant's second point of error reads as follows:

> "The Trial Court committed reversible error in denying the Appellant's Motion to discharge the jury on the ground that the State had used its peremptory challenges in a racially discriminatory manner."

The record reveals that Appellant is a black man, and therefore a member of an identifiable racial group. The record also reveals that the State exercised one of its ten peremptory strikes upon the only black prospective juror on the panel even though the prosecutor did not address a single question to the black prospective juror individually during voir dire. Appellant moved to dismiss the jury after the parties made their peremptory strikes and before the jury was sworn. The trial court had released the prospective jurors who had not been selected to serve on the jury prior to Appellant's motion. The twelve members of the jury who had been selected were seated but not sworn before Appellant made his motion to dismiss the jury.

■ Texas Code of Criminal Procedure article 35.261 [1] requires that a request to dismiss the array must be made after the parties deliver their strike lists to the clerk of the court, but before the jury is "impanelled". The sequence of the events described in the preceding paragraphs calls into question what the legislature meant by the rather imprecise term "impanelled" as it is used in Article 35.261. The statute itself contains no definition for this term. However, a grand juror is not "impanelled" until after his qualifications have been tried and he has been sworn. *TEX.CODE CRIM.PROC.ANN. art. 19.29* (Vernon 1977). We have found no statutory definition of when a petit trial jury is considered "impanelled". Therefore, we hold that the term "impanelled" as it is used in Article 35.261 means the time at which the actual trial jury is sworn. Therefore, Appellant's request for dismissal of the jury in the present case was timely because it was made after the parties delivered their strike lists to the clerk, but before the jury was impanelled—that is before being sworn.

■ The trial court then allowed the prosecutor to state her reasons for striking the black prospective juror. The first reason the prosecutor gave for striking this panel member was that, before voir dire began, she heard another prospective juror tell the black prospective juror, "I don't want to be a juror, do you?" The prosecutor stated that the black prospective juror then replied, "No, I sure don't either." The prosecutor stated that this conversation greatly concerned her in that "they didn't want to actually testify [sic] which is the reason why I struck" both prospective jurors she heard express such sentiments. This testimony by the prosecutor was admitted without objection. The record re-

---

1. Art. 35.261. Peremptory challenges based on race prohibited

(a) After the parties have delivered their lists to the clerk under Article 35.26 of this code and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case. The court shall grant the motion of a defendant for dismissal of the array if the court determines that the defendant is a member of an identifiable racial group, that the attorney representing the state exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defen-dant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the state were made for reasons based on race. If the defendant establishes a prima facie case, the burden then shifts to the attorney representing the state to give a racially neutral explanation for the challenges. The burden of persuasion remains with the defendant to establish purposeful discrimination.

(b) If the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array in the case.

flects that the initiator of this conversation was not black, and that the prosecutor did strike him, as well as the black prospective juror. The prosecutor stated several other reasons why she struck the black panel member, all of which were, to one degree or another, rebutted by evidence presented by Appellant. *See Whitsey v. State*, No. 1121–87 (Tex.Crim.App. May 10, 1989) (not yet reported).

Appellant argues that the record reveals that the prosecutor's reasons for striking the only black prospective juror in this case were "frivolous, racially motivated and somewhat snobbish". The United States Supreme Court has held that where the defendant is a member of a cognizable racial group, his rights to equal protection of the law are violated if the prosecutor uses peremptory challenges to exclude members of the defendant's race from service on the jury solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ In reviewing points of error under *Batson, supra,* an appellate court must consider the evidence in the light most favorable to the trial court's rulings and determine if those rulings are supported by the record. If the record supports the findings of the trial judge, they will not be disturbed on appeal. *Keeton v. State*, 749 S.W.2d 861, 870 (Tex.Crim.App.1988). With regard to the prosecutor's first reason for striking the black prospective juror, being that he stated he did not want to be a juror, Appellant's only complaint on appeal is that the statement by the prospective juror was not of record. Appellant had made no objection to the dismissal of all venire members who were not selected. Neither did Appellant make any effort to recall any of the dismissed venire members to testify in the hearing in order to ascertain whether such a conversation actually took place. The prosecutor testified that she overheard the conversation in question, and there is no evidence in the record that the conversation did not occur exactly as the prosecutor stated. We, therefore, find that the prosecutor gave a clear and reasonably specific explanation of a legitimate

reason for her use of the complained of peremptory challenge. Since this explanation was not rebutted by the Appellant, the record supports the finding of the trial court that the prosecutor did not exercise the peremptory challenge in question on account of the prospective juror's race. Appellant's second point of error is overruled.

■ By his third point of error Appellant urges that the trial court denied his rights to a jury comprised of a fair cross section of the community by allowing the prosecutor to exercise her peremptory challenges in a racially discriminatory manner in violation of the Sixth and Fourteenth Amendments to the United States Constitution. We initially note that Appellant never mentioned any violation of such rights due to the prosecutor's exercise of peremptory challenges in the trial court. Therefore, any such error is not preserved for review. *TEX.R.APP.P. 52(a)*. Furthermore, even if such error need not be preserved, we find that the record supports the trial court's finding that the prosecutor did not exercise the peremptory strike of which Appellant complains solely because of race. The U.S. Supreme Court has refused to extend the right to a fair cross section of the community to include the right to a fair cross section of the community on petit juries. *See Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). Appellant's third point of error is overruled.

■ By his fourth point of error Appellant complains that the trial court erred in allowing police officers to testify that Appellant consented to the search of his car over Appellant's objection. After Officer Fluellen had placed Appellant under arrest for possession of marijuana found in Appellant's pants pocket, the officer asked Appellant "if he would mind [Officer Fluellen] looking in the vehicle". Fluellen testified before the jury that Appellant responded "[go] ahead and look, I don't have anything in there". Appellant objected to this testimony because it was an inadmissible oral statement by the accused in response to custodial interrogation in violation of *TEX.*

*CODE CRIM.PROC.ANN. art. 38.22* (Vernon Supp.1989).[2] The trial court overruled this objection.

On appeal, Appellant still urges that this statement by Appellant is inadmissible under Article 38.22. However, we find that the accused's voluntary oral consent to search has been held admissible, even when consent is given while the person is under arrest. *See Sutton v. State,* 519 S.W.2d 422, 424 (Tex.Crim.App.1975). Furthermore, even if the statement constituting Appellant's consent to the search of his car was inadmissible, we find the admission of such statement made no contribution to the conviction or to the punishment assessed beyond a reasonable doubt. *See TEX.R. APP.P. 81(b)(2).* The admission of Appellant's statement that there was nothing in his car did not harm Appellant; what harmed him was the fact that the officers found a total of 52 small packages of cocaine in the car. Actually, this statement by Appellant could logically be viewed to infer that he did not know of the presence of the drugs in the car. Appellant's fourth point of error is, therefore, overruled.

By his fifth point of error Appellant urges that the trial court erred in allowing police officers to testify before the jury that Appellant told the officers that there was more cocaine over the driver's door of his car. Officer Fluellen had arrested Appellant near his [Appellant's] car for possession of marijuana found in Appellant's pants pocket. Fluellen then began to search the car. He found a clear plastic bag containing 20 smaller plastic bags of cocaine in a vent on the console between the front seats of the car. According to Officer Derald Rogers, Appellant then said he was "going to come clean" and tell the officers where they could locate more cocaine in the car. The officers then asked where in the vehicle more drugs could be found. Appellant then told the officers the other cocaine could be found above the driver's side door under the headliner. The officers looked where Appellant had indicated and found two more plastic bags containing a total of 32 more small plastic packages of cocaine.

Appellant argues that his statement that there was more cocaine in the car was admitted over his objection in violation of *TEX.CODE CRIM.PROC.ANN. art. 38.22, sec. 3(a)* which generally makes oral statements made as a result of custodial interrogation inadmissible. However, Article 38.-22, sec. 3(c) reads, in pertinent part, as follows:

"(c) Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property...."

We find that this statement by Appellant was clearly admissible under the exception set out in *TEX.CODE CRIM.PROC.ANN. art. 38.22, sec. 3(c),* because such statement was voluntary, it proved to be true, it pointed out where secreted property could be

---

2. Sec. 3(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate, has not been altered, and reflects that the accused was advised before the interrogation that the interrogation will be recorded; and

(4) all voices on the recording are identified.

(b) Every electronic recording of any statement made by an accused during a custodial interrogation must be preserved until such time as the defendant's conviction for any offense relating thereto is final, all direct appeals therefrom are exhaused, or the prosecution of such offenses is barred by law.

(c) Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

located, and it conduced to establish Appellant's knowledge that he possessed the cocaine and to thus establish the guilt of the accused. *See Enriquez v. State*, 501 S.W.2d 117 (Tex.Crim.App.1973). Appellant's fifth point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur with the result and the analysis under each point of error except point of error number one. I believe the objection was specific enough to preserve the point. I would hold the argument was improper. Thus, there was error, but it did not contribute to the finding of guilt or the assessment of punishment; therefore, it was harmless.